HEARD NOVEMBER TERM, 1877.

## RANSOM *vs.* ANDERSON.

In an action to recover real estate, the complaint alleged that plaintiff was seized in fee simple of the land and entitled to the possession thereof. The answer denied that the plaintiff was the owner of the fee in the premises, or entitled to the possession : *Held,* That the answer amounted to a general denial of the allegations of the complaint.

An answer denying the allegations of the complaint cannot be stricken out as sham.

A defendant may rely upon several separate and distinct defenses to the action ; and if one of them proves to be sham, or is not established at the trial, that does not preclude him from relying upon his other defenses.

It is only where the defense is *manifestly* false, and interposed to delay or defeat the plaintiff's action, that the Court will strike it out; not so if there be a doubt upon the point.

### BEFORE MAHER, J., AT BARNWELL, MAY, 1876.

This was an action by M. A. Ransom against M. A. Anderson and N. D. Anderson to recover the possession of certain real estate.

The complaint alleged that the plaintiff was seized in fee simple of the premises in question and entitled to the immediate possession thereof. The answer, for a first defense, denied that the plaintiff was seized in fee of the premises or entitled to the possession thereof; and for a second defense it alleged the special matters stated in the opinion of this Court.

The plaintiff moved the Court, upon the pleadings and certain affidavits which denied the allegations of the answer, to strike out the answer as sham.

The motion was granted, and the case submitted to a jury to assess the damages, which they did.

The defendants appealed to this Court upon the ground of error in the decision of His Honor the Circuit Judge.

*Owens,* for appellant.

*Aldrich,* contra.

March 30, 1878. The opinion of the Court was delivered by

McIver, A. J. This was an action to recover possession of certain real estate of which the defendants have possession. There were two defenses set up in the answer : 1. A denial of the plaintiff's title. 2. An assertion of title in the defendants. The plaintiff moved to strike out the answer as sham, and based his motion on certain affidavits hereinafter more particularly referred to. The Circuit Judge having granted the motion, and stricken out the answer as sham, it was referred to the jury to assess the damages, and upon their verdict a judgment was entered that the plaintiff recover the real estate in question, together with the damages assessed by the jury, and his costs. This is now a motion to set aside such judgment, together with the order striking out the answer.

It seems to us that the first defense amounted to a general denial, and would put the plaintiff upon the proof of his title, just as the plea of the general issue in the old action of trespass to try titles would do—the rule in such a case being that the plaintiff must recover upon the strength of his own title and not upon the weakness of his adversary.—*Hanghabaugh* vs. *Harrald*, 2 Tr. Con. Rep., 92.

In *Wayland* vs. *Tysen*, (45 N. Y. Rep., 281,) it has been decided that "the Court has no power to strike out as sham an answer consisting of a general denial of the material allegations of the complaint." The fact that the answer in that case was verified, while it is not in the case now before the Court, can make no difference, for in 1 Tiffanny & Smith's N. Y. Prac., 384, in speaking of sham defenses, it is said : "The provisions of the Code apply equally to denials of allegations of the complaint as to affirmative or new matter, and equally to verified as to unverified answers." We do not, therefore, see upon what ground the order of the Circuit Judge striking out the answer as sham can be sustained. For, assuming for the present that the answer, so far as the second defense was concerned, was shown to be sham, there stood the first defense, raising an issue which ought to have been referred to the jury for trial. The reasons which influenced the mind of the Circuit Judge are not stated by him, but if we are allowed to infer them from what is said in the argument here, it would seem that he considered the first defense as dependent upon the second ; or, in other words, that the defenses set up in the answer amounted simply to an allegation that the plaintiff had no title *because* the defendants did have title, and

that, as the affidavits satisfied him that the claim of the defendants that they had title was unfounded, the first defense must also fail. We do not think this a proper construction of the answer.   The defendant, in a case like this, may rely upon several different and distinct defenses : a paper title in himself, a title of possession, or he may simply fold his arms, and, by a general denial, require the plaintiff to prove his own title.   And if one of his defenses proves to be sham, or as not established on the trial, that should not deprive him of the benefit of any other defense which he may have set up in his answer.   Although this would be decisive of the case, we think it best to consider also the propriety of the circuit decision so far as the second defense was concerned, for the purpose of giving a proper direction to the practice on this subject.

The defendants not only asserted title in themselves by their second defense, but proceeded to disclose the grounds upon which such assertion rested.   These were, that by virtue of an agreement made by them with one E. L. Patterson, acting as agent of the former owner, A. W. Atkinson, they went into possession of the land in question, under a contract to purchase, and the defendants were ready and willing to comply with the terms of such agreement on their part, but were prevented from so doing by the fraudulent conduct of said Patterson, who conspired with the plaintiff and said Atkinson to deprive the defendants of their rights under such agreement by bringing about a pretended sale and conveyance of the premises to the plaintiff by said Atkinson, which conveyance was without consideration, fraudulent and void.   The only affidavits upon which the motion to strike out the answer as sham was based were the affidavits of the parties charged with this fraud and conspiracy, viz., E. L. Patterson, A. W. Atkinson and the plaintiff, in which they deny explicitly the charge made.   It strikes us as a very unsafe practice to allow such issues to be decided upon a mere motion based upon affidavits, and these, too, the affidavits of the parties who were charged with the fraud; and, therefore, as the case is presented here, we do not think there was sufficient ground for striking out the answer as sham.   We are aware that some of the New York Courts have gone very far in this direction—much further than we propose to go.   We prefer to be guided by the rule as laid down in *Tharin* vs. *Seabrook*, (6 S. C., 117,) where it is said : " If the pleading is *manifestly* false and interposed to delay or defeat the plaintiff's action, the Court will strike it out.   This power

should be sparingly used, and only in cases free from doubt." We are not prepared to say that where a party is charged with fraud his simple denial, even under oath, without more, is sufficient to show that the charge " is manifestly false " or that it makes a case " free from doubt."

It may be, however, that there was something more presented to the Circuit Judge than what appears in the " case" as presented here. Indeed, it is not improbable, from what was said in the argument, that the agreement referred to in the answer, which is not before us, was before the Circuit Judge, and that, upon examination, it proved to be of a wholly different character from that represented in the answer and altogether insufficient to support the defense, or, perhaps, in direct conflict with it. But, be this as it may, we cannot, under the rules of this Court, allow any facts which are not to be found in the " case" as presented here to influence our decision.

The judgment of the Circuit Court, together with the order striking out the answer as sham, must be ·set aside and the case remanded to the Circuit Court for trial.

Motion granted.

*Willard*, C. J., and *Haskell*, A. J., concurred.