### STEELE v. EXUM.

1. Where none of the parties to an action reside in this state, the county designated in the complaint is the proper county for the trial.
2. Where the defendants, residing in this state but not in the county where the action is brought, in their answer to a complaint for services rendered, deny on this ground the jurisdiction of the court, the Circuit judge may, on plaintiffs' motion, change the place of trial to the proper county under the authority of section 147, subdivision 1, of the code.

Before WALLACE, J., Williamsburg, March, 1884.

The opinion fully states the case.

*Mr. T. M. Mordecai,* for appellant.

*Mr. H. J. Haynsworth,* contra.

March 2, 1885. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The action below was brought in Williamsburg County, by the administrators of the estate of

S. W. Maurice, for services. The defendant, Bardin, was served in Charleston County, where he resided at the time of said service and also at the commencement of this suit, and since. Exum, who resided in Orangeburg County, was never served. Bardin answered denying the jurisdiction of the court at Williamsburg, on the ground that both of the defendants resided outside of Williamsburg County, the county designated in the complaint as the place of trial. At the call of the case on the docket, his honor, Judge Wallace, on motion of plaintiffs' attorney, passed an order changing the place of trial from the County of Williamsburg to the County of Charleston, and directing all subsequent proceedings in the action to be had in the county last mentioned. The defendant, Bardin, appealed, on the ground that the court at Williamsburg had no jurisdiction over the persons of the defendants, as neither of them resided in Williamsburg County.

The code, sections 144, 145, and 146 (1882), divides actions into four classes with reference to the place of trial—the first depending upon the location of the subject-matter of the action, the second upon the cause of action, the third upon the county in which one or more of the defendants resides, and the fourth upon the fact that none of the parties reside in the state; in which last class the plaintiff has the right to designate in his complaint the county for trial, subject to the power of the court to change the place, as provided in a subsequent section. In each of these classes of cases, then, actions therein may be said to have a proper county as the place of trial, to be determined by the conditions mentioned in the sections above; and where a mistake is made by the plaintiff in suing in a county not the "proper" one, his action becomes subject to the subsequent section 147, which will be considered hereafter. It must be observed here, however, in reference to the last class mentioned above, *i. e.*, where none of the parties reside in the state, inasmuch as in such case the plaintiff has the right to designate the county, there can be no mistake, and therefore there can be no improper county, so to speak, as the law fixes no county except the one designated by the plaintiff.

Next to the sections referred to above follows section 147, in

which it is provided that "the court may change the place of trial in the following cases : 1. Where the county designated for that purpose in the complaint is not the proper county. 2. Where there is reason to believe an impartial trial cannot be had. 3. Where the convenience of witnesses and the ends of justice would be promoted by the change." This section is an independent and separate section, the last in the chapter, and, as we understand it, controls the preceding sections so far as it is applicable thereto. For the reasons given, however, above, the first subdivision in this section (*i. e.*, where a change of place may be made because the county designated in the complaint is not the proper county) can have no application to the fourth class of actions mentioned, *i. .e.*, where none of the parties reside in the state, because, as we have seen, when the plaintiff designates in such a case the county, it is the proper county, and therefore there can be no such thing in such case as an improper county, which is the only contingency upon which the court could change the place of trial under this subdivision. The other two subdivisions apply to all four of the classes, and this with the other two apply to the three first classes.

The case under consideration belongs to the third class, where the defendants reside in different counties from that in which the action is brought. It is apparent, therefore, that the action was not brought in the proper county, and it is equally apparent, for this reason, that it is a case where the court has been invested with power to change the place to the proper county by section 147, subdivision 1.

It is said, however, that this cannot be done here, because the court at Williamsburg had no jurisdiction of the person of the defendant. It may be true, no doubt it is, that so far as the trial of the cause upon its merits is concerned, that court had no jurisdiction, as under the code, *supra*, the defendants residing in other counties, the trial could not be had in Williamsburg, but did it not nevertheless have jurisdiction as to changing the place of trial? If not, what is the meaning of section 147, wherein this power is expressly given to the courts in just such cases? If the exercise of this power can be denied and defeated on the ground that the court had no general jurisdiction of the case as

a whole, then the first subdivision of section 147 had as well be expunged.

If it was necessary for the court to get jurisdiction of the whole case before it could entertain such a motion, then the court could hear it upon its merits, and there would be no necessity for such motion, but it is only because the court cannot have such complete jurisdiction that the power in question has been conferred; and it would be strange that when the occasion arises for the exercise of this power to change the place of trial expressly provided for, because the court has no jurisdiction to try the case itself, that this underlying want of jurisdiction would divest the power. This cannot be the true construction of these sections. There may be full jurisdiction or a limited jurisdiction in courts, determined by the law which confers it. In cases of the kind before the court, we think that section 147 has conferred upon the courts of this state jurisdiction to the extent of changing the place of trial in cases falling under the sections referred to.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.