OLIVER v. FOWLER.

1. In proceedings for the enforcement of a mechanic's lien, the findings of fact by the Circuit judge approved.
2. The right to enforce a mechanic's lien may be prosecuted either by service of summons and petition (in which case no order of court is necessary) or else by filing the petition and obtaining from the court an order of notice to the owner.
3. When a petition to enforce a mechanic's lien is filed, the action is commenced; and if filed within the time limited, the proceedings cannot be dismissed upon the ground that it was not commenced in time, even though the summons only was served.
4. If an order of court was necessary to make the service, answering to the merits waived such a requirement, and the defendant thereby sub-

mitted himself to the jurisdiction of the court, even though in his answer he reserved the right to move to dismiss the proceeding for want of proper service.

5. The assignee of a mechanic's claim for labor and material has the right to enforce the lien given by the statute to the assignor.

Before PRESSLEY, J., Spartanburg, October, 1884.

The opinion states the case. The order of the Circuit judge was as follows:

This is an action by summons and petition to enforce a mechanic's lien. The case was heard in 1880 by Judge Fraser, and he, without a final decision, directed advertisement by the clerk for other lien creditors, none of whom have filed any claims. Plaintiff proved work done by her husband on defendant's house, for which he had agreed to pay $262. The work was done according to contract, and was accepted by his architect and by himself. Before the work was done, plaintiff advanced to her husband the sum of $275 of her own money, and to secure the same she afterwards took an assignment of said lien, which had been entered in the clerk's office according to law. Defendant insists that said assignment was collusive and fraudulent, but there is no proof of that before me.

He also alleges and proves that plaintiff's petition was not filed in the clerk's office as a commencement of this action; also that the service of plaintiff's summons was not lawfully made with the petition. No motion was made to set aside said service before the filing of defendant's answer. It was also claimed by defendant that said work was neither an erection, alteration, or repair, and further that a just and true account of the amount due had not been filed with the lien. I ruled that defendant, after answering, had thereby waived all defects in the manner of service of the summons and petition and the return thereon. I also overruled the other points raised by the defendant. The work done is clearly an alteration of the building, and the account filed with the lien is sufficient.

It is therefore ordered and adjudged that plaintiff have judgment against defendant for the sum of $262, with the proper costs of this action, and to enforce payment of the same, that F.

M. Trimmier, clerk of this court, after due and legal notice, do proceed to sell at public outcry, on sales-day in December next, the property of defendant on which said lien exists, to wit, &c.

*Mr. J. S. R. Thomson,* for appellant.

*Messrs. A. Blythe* and *S. T. McCravy,* contra.

April 21, 1885. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. On June 16, 1880, George Oliver filed in the office of the clerk of the court for Spartanburg County "a statement" as the foundation of a claim for mechanic's lien against the defendant, W. D. Fowler, for furnishing material and work and labor in making, erecting, and setting up four flights of balusters and railings and two newel posts in the dwelling-house of the defendant, known as "the rock house," in the city of Spartanburg, as per verbal agreement, to the amount of $260. On the next day the claimant, Oliver, for value received, assigned the amount and lien to his wife, E. P. Oliver, the plaintiff.

On June 28, 1880, the plaintiff instituted proceedings by a petition inserted in a summons stating the work done by her husband, the filing of the statement for a lien upon the said building, the assignment to her, &c., and prayed judgment for the amount due and the sale of the house and lot in discharge of said lien. The sheriff's return stated that he had served "the summons in the action," but there can be little doubt that it was the summons with the petition inserted, as they were attached together by mucilage, and they both appear on the sheriff's book as "summons" and "complaint." On July 16, 1880, the defendant, Fowler (saving the right to move to dismiss the proceedings upon the ground that the court had never ordered him to appear and answer and that he had not been served "with any attested copy of the petition with the order of court thereon"), answered fully to the merits that George Oliver, who did the work, was indebted to him more than the account for work, which demand was in suit against him, and that the assignment to his wife was pretensive, null, and void, and for the purpose of evading the payment of his just debts, &c.

The cause came before Judge Fraser at the July term of 1881, and he refused to dismiss the proceeding, but ordered that notice "by copy of the petition" be given "the owner of the building" and also to all other creditors "having liens" of the same kind. Accordingly notice was given as directed. There were no other lien creditors, and the defendant (reserving rights as before) answered a second time to the merits, setting up the same defence as before. The case finally came before Judge Pressley, who refused the motion to dismiss the proceedings, holding "that defendant, after answering, thereby waived all defects in the manner of service of the summons and petition and the return thereon;" also overruling the other points raised by the defendant; that "the work done was clearly an *alteration* of the building, and the account filed was sufficient," &c. And on the merits of the case he gave judgment for the plaintiff, with order to sell the house and lot in payment of the same.

The defendant appeals on the following grounds:

1. That his honor erred in ruling that the service and answer in the first proceedings in which the amended petition was ordered to be served was a waiver of all preliminaries at that time, and waived everything except the matter of the plaintiff having no cause of action, or something of that sort.

2. In refusing to grant defendant's motion to dismiss the proceedings herein and set aside the service of the summons.

3. In refusing to hold that the filing of the petition in the clerk's office is the commencement of the action herein, and that said action was not barred by being brought too late.

4. In refusing to hold that there was no debt proved as due to George Oliver upon which to base a mechanic's lien, and in holding that there was such debt.

5. Because the *onus* of proof was on the plaintiff to show that a lien had been taken for a debt due George Oliver, whereas in the testimony no such debt was proved.

6. In holding that the alleged work done was an "alteration" of defendant's building, such as would sustain a mechanic's lien.

7. Because the alleged assignment to the petitioner was collusive and fraudulent.

8. Because the alleged mechanic's lien filed in the clerk's office

is fatally defective in that— 1. It claims a lien by reason of "repairing" and improving defendant's house.  2. There is no such certificate and oath filed with the clerk of the facts which are requisite to make a lien.  3. There was no sufficient account filed.

9. Because this action was never lawfully commenced, if at all, against the defendant until October 3, 1881.

10. Because there was no right in George Oliver to transfer the alleged lien to the petitioner.

11. In ruling that answers such as were put in in this action waived all defects in the manner of service of the summons and petition and the return thereon.

12. In ordering a sale of all of defendant's property upon which it is alleged the mechanic's lien exists.

13. In ordering such sale for cash.

14. Because the court should have dismissed the proceedings herein.

The defendant did not deny that the work was done according to contract, was received by him, and the account just. All his objections went to the nature of the work as not being "in the erection, alteration, or repair of any building," or against the right of the wife to institute the proceedings, and the manner in which he was served with process.  The Circuit judge found as matter of fact (and we see nothing in the "Brief" which authorizes us to dissent from his findings) that the work was done according to contract; that it was done by George Oliver, the mechanic, who transferred the claim and statement for a lien to his wife, _bona fide_ and for full value; and that the work was of such a character as to authorize the establishment of a mechanic's lien on the rock house of the defendant.  These points being settled, the only remaining matter is whether the whole proceeding should have been dismissed for the reason that the action was not commenced within the time prescribed, and the defendant brought into court in the manner by law directed, which seems to be really the principal defence in the case.

The defendant was served with process in the case on June 30, 1880, and on July 16, 1880, he answered to the merits, but in his answer he announced that he reserved the right to have the

whole proceeding dismissed, upon the ground that he was never made a party in the manner directed by law. The right of a mechanic to set up a lien for the value of his work upon a building which he has "erected, altered, or repaired," as well as the proceeding by which it may be done, are purely statutory. The provisions of the law fixing the right are reasonably plain, at least as to the essentials. For example, the mechanic must file "a statement," on oath, in the clerk's office, within "ninety days" after ceasing to labor on the building, and suit must be brought to enforce it within "six months" after the same lien. But it is not so clear as to the precise manner in which that suit should be commenced and conducted.

The general statutes provide as follows: "Section 2357. The lien may be enforced by petition to the Court of Common Pleas, &c.; * * * may be filed in term or in the clerk's office in vacation, and the date of the filing shall be deemed the commencement of the suit." "Section 2359. The petition may be served with the summons or filed with the clerk, and shall be entered and returned as other civil cases." And "Section 2363. The court in which the petition is entered shall order notice to be given to the owner of the building, &c., by serving him with an attested copy of the petition, with the order of the court thereon," &c. While these sections do not undertake to set forth all the details of the proper practice, it is obvious that they provide two ways in which the right may be judicially established, intended probably to apply to different classes of cases. First, where the person who contracted the debt is the owner of the building, the mechanic, having made his preliminary statement as required, may, under sections 2357 and 2359, within six months, bring his action by serving summons and petition which may "be returned and entered as other civil cases." When the circumstances make this course proper, we do not understand that any special order from the court is necessary to make the defendant (owner of the building) a party, but he may be regularly served with summons and petition as in other cases with summons and complaint. Or, second, he may simply file his petition in the clerk's office of the county without summons, but, as a substitute therefor, obtain an

order from the court giving notice to the owner of the building that he may appear and answer.

This construction seems to be warranted by the terms of the law, and is clearly indicated in the case of *Johnson* v. *Frazee*, 20 *S. C.*, 502. That was a case precisely the converse of this. There the defendant (the owner of the building) had been brought into court "by an order based upon the petition of the creditors," and he complained that a summons was necessary; that he was not served in the manner in which the defendant here complains that he was served, viz., by summons and petition as in other civil cases. In that case it was held that the defendant was regularly in court, and, in delivering the judgment of the court, the chief justice said: "No doubt, had section 2359 been followed, and accordingly had the petition been served with a summons, instead of being filed in the clerk's office and an order of notice obtained as was done in this case, the proceeding would have been valid and unobjectionable; but this mode is not imperative or exclusive."

The defendant having been served with a summons and petition attached within the time prescribed, there was therefore no irregularity in the case. But if, as contended, the defendant was not served with the petition, but simply with the bare summons, that could not authorize the dismissal of the proceedings, for, in any view that can be taken, the action was commenced on June 28, 1880, when the petition attached to the summons was filed. When the clerk, on that day, marked the petition and summons filed, and put upon it the seal of the court, the action had been commenced, and the defendant could be served at any time thereafter. The statute declares that "the date of the filing of the petition shall be deemed the commencement of the suit."

Besides, if it had been necessary to have an order of court before service, we think by answering to the merits the defendant waived the objection and submitted himself properly to the jurisdiction of the court, and the matter stands as if he had accepted service or authorized his attorney to do so. *Graveley* v. *Graveley*, 20 *S. C.*, 104.

The judgment of this court is that the judgment of the Circuit Court be affirmed.