GEISER MANUFACTURING CO. v. SANDERS.

The defendant not being a resident of the county in which he was sued, the Court of Common Pleas for that county, while without jurisdiction to try the cause on its merits, had the right to order its removal to the proper county.

Before ALDRICH, J., Chester, October, 1886.

The opinion states the case.

---

[1] This completes the cases of April Term, 1886.

*Messrs. Henry & Gage,* for appellant.

*Mr. W. A. Sanders,* contra.

February 4, 1887. The opinion of the court was delivered by
MR. CHIEF JUSTICE SIMPSON. The action in this case was commenced in Chester County, the defendant at the time residing in York County. On the call of the case in its order in Common Pleas Court for Chester County, October, 1886, the plaintiff's attorneys moved that it be transferred to York County for trial, without prejudice to defendant's plea to the jurisdiction of the court, it being admitted that the defendant lived in York County at the commencement of the action. This motion was refused in an order as follows: "It appearing that the court has no jurisdiction," "*Ordered,* that the complaint be dismissed with costs." The plaintiff appealed on the ground that it was error to refuse the motion to transfer, and in dismissing the complaint with costs. As this is the only question raised in the appeal, a statement of the facts alleged in the complaint and of the issues involved is not necessary.

There is no doubt that the court in Chester was without jurisdiction to hear this case on its merits, it being admitted that the defendant resided in York County when the action was instituted, but the motion to transfer to the proper county did not involve the trial of the cause, nor was it necessary, in order to hear that motion, for the court to assume jurisdiction of the cause itself. The code provides for the removal of causes from one county to another where the county designated for that purpose in the complaint is not the proper county (section 147), and it thereby invests the court in the county where it has been mistakenly brought with jurisdiction of the question of removal, although it has no jurisdiction of the action itself. Otherwise, as was said in *Steele* v. *Exum*, there was no necessity for this section, 147: because, if this power can be denied and defeated on the ground that the court had no general jurisdiction of the case as a whole, when could section 147 ever apply, and under what circumstances could the power therein expressly conferred be exercised? *Steele* v. *Exum*, however, is directly in point, and we need do no more

than refer. to it.   22 *S. C.*, 278.   As we understand the order of
his honor, the motion to transfer was refused because, in his judg-
ment, the court in Chester "had no jurisdiction in the case," and
consequently that he could not hear the motion, and it was on
that ground that the complaint was dismissed.   Under *Steele* v.
*Exum, supra,* this was error.

It is the judgment of this court, that the order below be re-
versed, and the case be remanded.