## BUSH v. SOUTHERN RY.

1. PRESUMPTION — NONSUIT — RAILROADS — COMMUNICATED FIRES.— Where a defendant admits by its answer that it operates a certain railroad, and there is some evidence tending to show that all engines operated on said road bears its name, a presumption of ownership of this engine arises in an action against it for damages for communicated fire, and nonsuit should not be granted because there is no proof that defendant owned the engine communicating the fire.

2. WORDS AND PHRASES—ENGINE.—The terms "its locomotive," in Gen. Stat. 1511, providing for damages for communicated fires, includes an engine in the possession and control of the corporation operating the road.

*Hunter* v. *R. R.*, 41 S. C., 86, and *Lipfeld* v. *R. R.*, 41 S. C., 285, *distinguished from this.*

Before GARY, J., Richland, summer term, 1901. Reversed.

Action by Green B. Bush against Southern Railway Co. From judgment of nonsuit, plaintiff appeals.

*Messrs. E. McC. Clarkson* and *John S. Reynolds,* for appellant, cite: *Possession of an engine is prima facie proof of ownership:* 19 Ency., 53; 1 Green. Ev., par. 34; Abbott's Trial Ev., p. 623; 1 Smith's Leading Cases, 473; 35 Maine, 150; 16 Am. Dec., 727; 46 Am. Dec., 323; 65 Am. Dec., 699; 4 Rich., 239. *Not necessary for plaintiff to show absolute ownership in defendant of the engine:* 2 Blackstone, 388; 17 Ency., 305; 64 Mo., 112; 40 N. W., 146; 44 Conn., 291; 60 S. C., 293; 50 S. C., 556; 53 S. C., 358; 39 S. E. R., 366. *Testimony raised a presumption of fact which should go to the jury:* 58 S. C., 247; 39 S. E. R., 372. *As to the construction of the statute:* 38 S. C., 37; 44 S. C., 316; 21 S. C., 101; 57 S. C., 249; 2 Bail., 321; 2 Bay., 126; 7 S. C., 144; 9 Rich., 465.

*Messrs. B. L. Abney* and *E. M. Thomson,* contra. The latter cites: *As to the construction of the statute:* 41 S. C.,

91, 285. *In construing an answer it must be taken as a whole:* 15 S. C., 262.

March 14, 1902.  The opinion of the Court was delivered by

MR. JUSTICE JONES.  This action was brought to recover damages by fire alleged to have been communicated to plaintiff's property by defendant's locomotive engine, and the appeal now comes from an order of nonsuit.  The nonsuit was granted on the ground that there was no evidence tending to show that the damage was caused by the defendant's engine.  This we think was error.  There was evidence tending to show that in July, 1900, at Hopkins, in Richland County, a station on the South Carolina and Georgia Railroad, fire was communicated to and destroyed a barn and its contents, a mule and provender, belonging to plaintiff, by sparks from the engine shifting a freight train operating on said railroad line.  The answer admitted in effect that the defendant was operating said railroad at the time of the injury.  There was some evidence that defendant was operating said engine at the time of the alleged injury.  There was also some evidence to the effect that all the engines operated on said line of railroad were marked "Southern."  This was sufficient to carry the case to the jury, even if it was necessary under the statute to show that the defendant was the actual owner of the engine causing the injury, for a presumption of ownership would arise from such circumstances, in the absence of all evidence to the contrary.

The statute under which the action was brought provides, "every railroad corporation shall be responsible in damages to any person or corporation whose buildings or other property may be injured by fire communicated by its locomotive engines, &c."  Gen. Stat., sec. 1511.  The statute, we think, covers a case where the fire causing such injury is communicated by an engine in the possession and control of the defendant, for an engine in the pos-

7—63

session and control of a railroad corporation operating it is fairly within the words "its locomotive." The case of *Hunter* v. *R. R.,* 41 S. C., 86, and *Lipfeld* v. *R. R.,* 41 S. C., 285, do not conflict with this view; for the point in those cases decided was that a lessor railroad company is not liable under this statute for fires communicated by a locomotive owned and operated by a lessee.

The judgment of the Circuit Court is reversed.