7623

RAFIELD v. ATLANTIC COAST LINE R. R. CO.

1. JURISDICTION.—Where an action is brought in another county than the one where the defendant resides, the Court has jurisdiction to change the place of trial, but should not dismiss the action.

2. IBID.—ISSUES.—The issue of residence of defendant raised by the pleadings is for the jury.

3. IBID.—APPEAL.—Finding by Court on issue of residence raised in motion on affidavits in law case is legal in its nature and not reviewable on appeal.

Before WILSON, J., Lexington, December term, 1909. Affirmed.

Action by Lucretia Rafield, by guardian, against Atlantic Coast Line R. R. Co. and Columbia Electric Street Railway, Light and Power Co. From order refusing to dismiss complaint, defendants appeal.

*Messrs. Barron, Moore & Barron, R. B. Herbert, Lyles & Lyles,* and *J. Nelson Frierson,* for appellant, cite: *Neither defendant is a resident of Lexington county:* 47 S. C., 387; 65 S. C., 326; 24 L. R. A., 693; 37 L. R. A., 33; 24 L. R. A., 696; 212 U. S., 215; 129 Pa. St., 217; 85 S. W., 31; 61 S. W., 191; 15 Ill., 436; 7 W. & P., 6160; 96 U. S., 369; 2 Rich., 512; 74 S. C., 62. *The residence of street railway determines the jurisdiction:* 83 S. C., 13; 1 Strob., 70; 2 Rich., 512; 47 S. C., 387; 65 S. C., 326; 74 S. C., 70, 439; 79 S. C., 555; 40 S. W., 1062; 3 Thomp. on Corp., 967; 6 Ohio, sec. 446. *Cause should have been removed to Richland:* 74 S. C., 69, 430; 79 S. C., 555; 2 Rich., 512; 25 S. C., 385; Code of Proc., 146, 147.

*Messrs. Graham & Sturkie, Barnard B. Evans* and *Efird & Dreher,* contra.

*Messrs. Graham & Sturkie* cite: *Jurisdiction is in Lexington:* 78 S. C., 323; 83 S. C., 14; 84 S. C., 318.

*Messrs. Efird & Dreher* cite: *Railroad company is a resident where it maintains an office:* 47 S. C., 390.

July 18, 1910. The opinion of the Court was delivered by

Mr. Justice Gary. This is an appeal from an order refusing to transfer the above stated case from Lexington county to Richland county for trial.

The following statement appears in the record:

"The plaintiff brought this action by her guardian *ad litem,* for injuries received while riding on the car of the defendant, The Columbia Electric Street Railway, Light and Power Company, on the 26th day of June, 1909, by reason of collision with the train of defendant, Atlantic Coast Line Railroad Company. Said accident occurred in the city of Columbia, and Richland county. This action was commenced by service of summons and complaint on both the defendants, on July 19, 1909."

The allegations of the complaint, material to the questions involved, are as follows:

"That the defendant, the Atlantic Coast Line Railroad Company, is a foreign corporation, chartered and existing under the laws of some State unknown to this plaintiff, but at the times hereinafter mentioned, was, and is now, operating and controlling as lessee thereof a railroad extending from the city of Columbia, South Carolina, to the city of Greenville, in the State aforesaid, passing through the County of Lexington, where it has agents and stations for the transaction of its business, and at the times hereinafter mentioned, the defendant, Atlantic Coast Line Railroad Company, was, and is now, the owner of locomotives, cars and other appurtenances of said railroad; and owns and operates other railroads in said State; and that the said

Columbia Electric Street Railway, Light and Power Company, is a corporation duly chartered and existing, under and by the laws of this State, and at the times hereinafter mentioned was, and is now, the owner, operator, and controller of a street railroad in the city of Columbia, South Carolina, and owns and operates the cars and other appurtenances of said railroad, and owns property in the County of Lexington aforesaid.

"That the defendant, Atlantic Coast Line Railroad Company, is a carrier of passengers and freight, on and over its railroads, for hire." * * *

The Atlantic Coast Line Railroad Company served the following answer:

"The defendant, Atlantic Coast Line Railroad Company, appearing only for the purpose of questioning the jurisdiction of this Honorable Court, and pleading only to such jurisdiction, answering the complaint herein, alleges:

"That no cause of action exists against it, as alleged in the complaint of which this Court has jurisdiction, for the reason that neither of the defendants named is a resident of the County of Lexington. This defendant is a corporation created and existing, under the laws of the State of Virginia, is a citizen of said State, and has no railroad track, as owner or lessee, office or agent, upon whom process can be served in the County of Lexington, and does no business in said county; nor did it have such track, office or agent at the time of the commencement of this action."

The answer of The Columbia Street Railway, Light and Power Company was similar, except in the allegation that it "is a resident of the County of Richland, and does no business in the County of Lexington, but is a domestic corporation, and has its principal and only place of business in Richland county."

The attorneys for each of the defendants served the following notice upon the plaintiff's attorneys:

"Please take notice that on Monday, the 1st day of November, 1909, at 10 o'clock a. m., or as soon thereafter as counsel can be heard, at Lexington courthouse, upon the pleadings herein, and the annexed affidavits, the undersigned will move before his Honor, Judge J. S. Wilson, for an order dismissing the above stated case for want of jurisdiction, and, failing in that, for an order removing said case to Richland county and for leave to answer the complaint when so removed."

The affidavit of Wm. G. Childs, which was annexed to the notice of motion, contains the following statements: ·

"That he is president of the Columbia, Newberry and Laurens Railroad Company, which runs from the city of Columbia to Laurens, S. C., passing for a considerable distance through the County of Lexington. That the passenger traffic and service, done by one train each way daily, on said railroad through Lexington county, is carried on by the said Columbia, Newberry and Laurens Railroad Company, with engines, cars and crews, which are the property of the Atlantic Coast Line Railroad Company, but that while said trains and crews are on the road of the said C., N. & L. R. R. Co., in Lexington county, they are operated solely under and by the rules, orders and control of the officers of the said last named railroad company, the same paying to the said Atlantic Coast Line Railroad Company a stipulated sum per train per mile per month, for the use by the said Columbia, Newberry and Laurens Railroad Company, of the said trains; and the said monthly rental is paid, irrespective of the amount of revenue, made by the said C., N. & L. R. R. Co., on account of the use by it, of the said trains; that the said Atlantic Coast Line Railroad Company does not own or control, by lease or otherwise, the railroad of the said C., N. & L. R. R. Co. through the County of Lexington, over which the aforesaid cars of the Atlantic Coast Line Railroad Company are operated as aforesaid. That the said Atlantic Coast Line Railroad Company has no agent or place of

business, along the said railroad in Lexington county as aforesaid. That with the exception of the two trains rented from the Atlantic Coast Line Railroad Company as aforesaid, the entire traffic over the said railroad in Lexington county is handled and conducted by the engines, crews and employees of the said C., N. & L. R. R. Co."

The plaintiff submitted the affidavit of H. A. Lorick in which he says:

"That he is a merchant, residing at Irmo, in the County of Lexington, said State of South Carolina; that he has been in the merchandise business at that place for eight years; that he sees passenger trains and locomotives passing over the railroad at said place with the following words printed, or painted, on said locomotives and passenger cars: 'Atlantic Coast Line', and that said railroad extends from Columbia, S. C., to Laurens, S. C.; that the ticket agent at Irmo sells tickets to passengers on said trains of the Atlantic Coast Line, and that deponent has frequently bought tickets from the station agent at said place to points on said railroad, and was conveyed in the cars of the Atlantic Coast Line."

We do not deem it necessary to refer to the other affidavits which accompanied the notice of motion.

His Honor, the presiding Judge, made the following order:

"A motion having been made to transfer the above stated case to Richland county for trial, and after hearing the arguments for and against said motion,

"It is ordered: That said motion be, and the same is hereby refused."

The defendants appealed upon exceptions, the first of which is as follows:

"It is respectfully submitted that his Honor, Judge Wilson, erred in refusing the motion of both the defendants for an order dismissing the case for want of jurisdiction, since it

appeared that neither defendant has now, or had at the time of the bringing of the action, any agent in Lexington county, on whom process could be served, and maintained no office and owned and operated no railroad in said county, and that both defendants were, therefore, non-residents of said county."

Section 147 of the Code provides, "that the Court may change the place of trial, in the following cases: (1) When the county designated for that purpose in the complaint is not the proper county." In construing this section of the Code the Court uses the following language in the case of *Steele* v. *Exum,* 22 S. C., 276: "There may be a full jurisdiction, or a limited jurisdiction in Courts determined by the law which confers it. In cases of the kind before the Court we think that section 147 has conferred upon the Courts of this State jurisdiction, to the extent of changing the place of trial in cases falling under the sections referred to."

It was ruled in the case of *Geiser* v. *Sanders,* 26 S. C., 70, that, as the defendant was not a resident of the county in which he was sued, the Court of Common Pleas for that county, while without jurisdiction to try the case on its merits, had the right to order its removal to the proper county.

The language therein used by the Court was as follows: "As we understand the order of his Honor, the motion to transfer was refused, because in his judgment the Court in Chester 'had no jurisdiction in the case,' and consequently that he could not hear the motion, and it was on that ground that the complaint was dismissed. Under *Steele* v. *Exum, supra,* this was error." Thus showing that the Court was without jurisdiction to *dismiss* the complaint.

This exception is overruled.

The second exception is as follows:

"It is respectfully submitted that his Honor, Judge Wilson, erred in refusing motion of defendants for an order

removing said case to Richland county, and for leave to answer the complaint when so removed, when it appeared that neither defendant maintained any office in Lexington county, was in any way represented by an agent residing in said county, or owned, operated, or leased any railroad in said county, or was a resident of said county."

The allegations of the complaint hereinbefore set out, and the denial thereof by the defendants in their answers, raised an issue as to the questions assumed in this exception. The affidavit of Lorick tends to sustain the allegations of the complaint. *Bush* v. *Ry.,* 63 S. C., 96, 40 S. E., 1029.

In the case of *Ransom* v. *Anderson,* 9 S. C., 438, the Court quotes with approval the following language from *Wayland* v. *Tyson,* 45 N. Y. Rep., 281: "The Court has no power to strike out as sham, an answer consisting of a general denial of the material allegations of the complaint," basing its ruling upon the principle, that a denial of the material allegations of the complaint raises an issue of fact, which must be referred to the jury for trial. There is no difference, in principle, between that case and the one under consideration. Furthermore, the findings of fact, which were necessarily involved in the conclusion announced by the Circuit Judge, are not reviewable by this Court, as the action is legal in its nature.

There is another reason why this exception cannot be sustained. The question of jurisdiction relates to the person and not to the subject matter. *Jenkins* v. *Ry.,* 84 S. C., 343.

The answers denying the allegations of the complaint put in issue material questions of fact. The defendants, therefore, waived the right to raise the objection, that the Court did not have jurisdiction to try the case upon the merits. *Graveley* v. *Graveley,* 20 S. C., 104; *Oliver* v. *Fowler,* 22 S. C., 534.

This exception is also overruled.

It is the judgment of this Court that the order of the Circuit Court be affirmed.

MR. CHIEF JUSTICE JONES. *I concur upon the grounds mentioned except as to waiver. The appearance and answer being expressly limited to the question of jurisdiction there was no waiver.*

MESSRS. JUSTICES WOODS AND HYDRICK *concur in the result and in the remarks of the Chief Justice.*