### 11672

### PETIT, BY GUARDIAN v. WISE

#### (126 S. E., 400)

HIGHWAYS—AUTOMOBILE PROPERTY ATTACHED UNDER STATUTE GIVING LIEN TO PERSON INJURED, NOTWITHSTANDING FAILURE OF AFFIDAVIT TO SHOW OWNER RESPONSIBLE THEREFOR.—Under Civ., Code, 1922, § 5706, giving person who is injured by unlawful or negligent operation of motor vehicle a lien on motor vehicle, and providing for attachment thereof, automobile was properly attached, though affidavit did not show that owner was responsible for manner in which it was driven at time of accident.

Before JOHNSON, J., Charleston, March, 1924. Affirmed.

Action by Sidney Petit, by Guardian, against Joseph F. Wise. From an order refusing to set aside attachment the defendant. appeals.

Papers referred to in the opinion follow:

Petition for Appointment as Guardian *Ad Litem.*
*Ex parte* Virginia Petit, Petitioner.

To William H. Dunkin, Esquire, Clerk of the Court of Common Pleas for Charleston County;

Your petitioner respectfully shows that the above named Sidney Petit is a minor under the age of fourteen years, and that your petitioner is his mother.

Second. That on or about January 18, 1924, the said Sidney Petit suffered severe personal injuries by reason of being knocked down and run over by an automobile negligently and recklessly operated and driven by defendant above named his agents and servants, as a result of which it is desired to prosecute the cause of action growing out of said injuries.

Third. That your petitioner is the mother of said minor, and the person with whom he resides, and is a fit and competent person to appear and represent him in said action.

Wherefore your petitioner respectfully prays that she be appointed guardian *ad litem* of the said Sidney Petit for the purpose of prosecuting said cause of action against said defendant.

And your petitioner will ever pray, etc.

LOGAN & GRACE, Petitioner's Attorneys.

I consent to act as guardian *ad litem* of the above named Sidney Petit, for purposes named in the within petition.

VIRGINIA E. PETIT.

Order Appointing Guardian *Ad Litem*

*Ex parte* Virginia Petit, Petitioner

On reading and filing the within petition for appointment of Virginia Petit as guardian *ad litem* of the above named minor, Sidney Petit, it is

Ordered that the said Virginia Petit be and she is hereby appointed guardian *ad litem* of the said Sidney Petit, for the purpose of prosecuting the within action against the defendant above named.

And it is so ordered. WM. H. DUNKIN, Clerk of the Court of Common Pleas for Charleston County.

February 25, 1924.

Summons for Relief

(Complaint Not Served.)

To the Defendant Above Named:

You are hereby summoned and required to answer the complaint in this action which will be filed in the office of the Clerk of the Court of Common Pleas for the said County, and to serve a copy of your answer to the said complaint on the subscribers at their offices 45 Broad St., Charleston, S. C. within twenty days after the service hereof, exclusive of the day of such service; and if you fail to answer the complaint within the time aforesaid, the plaintiff in this action will apply to the Court for the relief demanded in the complaint.

LOGAN & GRACE, Plaintiff's Attorneys.

Dated February 25, A. D. 1924.

Affidavit to Obtain Attachment

State of South Carolina, County of Charleston.

Personally appeared Thelma Stevens, who being duly sworn, deposes and says as follows:

First. That on or about the 18th day of January, 1924, at or about the hour of 4:30 o'clock p. m., the above named Sidney Petit was suddenly and without any warning run down and upon by an automobile, State license No. C-3028, 1924, at the corner of Coming and Bull streets, one of the public streets of the City of Charleston, said automobile being the property of defendant above named, which at the time was proceeding at a high and dangerous rate of speed in excess of that allowed by law, and being negligently, carelessly and recklessly operated, so that the said Sidney Petit was knocked down and run over and received severe physical injuries.

Second. That the said automobile at the time of the said injuries to the said Sidney Petit was the property of defendant above named, and was being negligently, carelessly and recklessly operated in violation of law, so that, under the statutes of the State of South Carolina, plaintiff is entitled to a lien on said automobile to be enforced by attachment, the

license number of said automobile being, as aforesaid, C-3028, 1924.

Third. That plaintiff herein has commenced an action in this Court by issuing the summons against the defendant upon the cause of action above stated, in the sum of ten thousand ($10,000.00) dollars.            THELMA STEVENS.

Subscribed and sworn to before me this 25th day of February, 1924.    .            JOHN I. COSGROVE,
Notary Public for S. C.

### Notice of Motion to Vacate Attachment

To Messrs. Logan & Grace, Plaintiff's Attorneys:

You will please take notice that on the 17th day of March, A. D. 1924, at ten o'clock a. m., or as soon thereafter as counsel can be heard, the defendant, herein, Joseph F. Wise, will move before the Honorable J. Henry Johnson, presiding Judge of the Ninth Judicial Circuit, for an order vacating and setting aside the attachment issued in the above entitled action, on the grounds that the said attachment was wrongfully issued, and upon the following specific grounds, to wit:

(1) Because the affidavit, upon which the warrant of attachment was issued, does not set forth or state a cause of action against the defendant herein, Joseph F. Wise, in that it is nowhere alleged or set forth in said affidavit that the defendant, Joseph F. Wise, was responsible for the manner in which the automobile was alleged to have been operated, and neither does it appear that the said Joseph F. Wise, defendant, herein, had anything to do with the operation of said automobile in person or by agent.

*Mr. Wm. P. Tillinghast,* for appellant, cites: 3 Code, 1922, Sec. 5706; 1 Code, 1922, Sec. 502. *Affidavit defective:* 110 S. E., 69.

*Messrs. Logan & Grace* and *John I. Cosgrove,* for respondent, cite: *Affidavit sufficient:* 118 S. C., 267. *Attachment proper:* 106 S. C., 367; 117 S. C., 106; 27 S. C.,

126. *Party in possession presumed to be servant of owner:* 21 S. E., 267; 97 S. C., 171; 102 S. C., 146; 117 S. E., 521.

February 4, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

His Honor, Judge J. Henry Johnson, refused to vacate an attachment in this case by signing a formal order to that effect. No reasons for his refusal were given in his order. The record of the case before him consisted of the petition and order appointing a guardian *ad litem,* the summons for relief, the affidavit upon which the warrant of attachment was issued, and the notice of motion to vacate the attachment. Let all of these papers be reported.

Under the cases of *Hall v. Locke,* 118 S. C., 267; 110 S. E., 385. *Bank v. Brigham,* 106 S. C., 367; 91 S. E., 332; L. R. A., 1917E, 925. *Ex parte Maryland Ins., Co.,* 117 S. C., 106; 108 S. E., 260, taken in connection with section 5706 of the Code of 1922, it appears that the Circuit Judge was clearly correct in refusing to dissolve the attachment.

In the *Maryland Ins. Co. Case, supra,* the Court says:

"It is the negligent operation of the motor vehicle, whereby any person recieves injury to his person or property, that is the material consideration. It is that which gives rise to the lien on the offending automobile; the guilt or innocence of its owner being incidental."

No question of the personal liability of the defendant is before us and no opinion is expressed as to that. The papers before the clerk were ample to justify him in issuing a warrant of attachment against the car.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.