13103

MAHON v. BURKETT *ET AL.*
LIPSCOMB v. SAME

(158 S. E., 141)

September, 1929.

52

54

*Mr. L. D. Jennings,* for appellants,

*Messrs. Lyles, Daniel & Drummond,* for respondents,

March 30, 1931.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The above-named persons, Mrs. Anne Mahon, Miss Mary Lipscomb, and H. S. Lipscomb, separately but simultaneously commenced actions against Robert Burkett, Burnett Pinkney, and Chevrolet motor truck, 1929, S. C. License J-2116, Motor No. 835501, in the Court of Common Pleas for Spartanburg County, May 21, 1929, for damages for injuries resulting from the willful and negligent operation by the defendant Pinkney, as agent of the defendant Burkett, of the latter's said truck, on the state highway leading from Spartanburg, S. C., to Union, S. C., near Spartanburg. The damage-feasant truck was attached in each case, and, no dissolution bond being given, has since been held by the Sheriff of Spartanburg County. Within due time the defendants answered in each case, and by their first defense, which is the only part of their answer involved in the appeal, set up that they were residents of the County of Sumter and that the Court of Spartanburg County had no jurisdiction to try the causes and that the cases should be transferred to the County of Sumter for trial. The fact that the defendants were residents of Sumter County, that is the personal defendants Burkett and Pinkney, did not appear upon the face of the complaint. Thereafter the plaintiffs served due notice that they would move before his Honor, Judge T. S. Sease, at Spartanburg, for an order finally disposing of the said question raised in the defendants' answer and, further, to retain the said causes in Spartanburg County for trial. This notice on the part of the plaintiffs, which will be reported with the case, was supported by affidavit as to the matters of fact stated therein. To this notice and motion, which sought to have the cases held in Spartanburg County for trial, the defendants interposed a demurrer, which will also be reported with the case. The matter having been heard by Judge Sease, his Honor issued an order covering the three cases, dated September 14, 1929, refusing to transfer the cases to Sumter County and held the same in Spartanburg County, upon the ground that it would serve the convenience

of witnesses and the ends of justice. From this order the defendants have appealed, in each case, to this Court.

As stated, the order issued by Judge Sease was intended to cover the three cases and this opinion is intended to apply in the same way.

Under the view we take of the case it is not necessary to consider all of the questions raised by the appellants, and we do not consider it necessary to discuss at length the order of the Circuit Judge issued in the causes, but deem it sufficient to make a brief reference thereto, and to state in our opinion that his Honor, the Circuit Judge, was in error in not transferring the causes, as to the personal defendants, Robert Burkett and Burnett Pinkney, to Sumter County, the admitted place of their residence, for trial.

There can be no question under the decisions, in this State and in other jurisdictions, that the Court in Spartanburg County had jurisdiction of the defendant Chevrolet motor truck, the property of the defendant Burkett, for as to the truck the action is a proceeding in *rem,* which may be instituted in the county in which the injury occurred and where the truck may be found. But this proceeding in *rem* cannot be extended for the purpose of giving to the Court jurisdiction of the owner or driver of the truck in question, by making them parties to the action, where it clearly appears that they are residents of a county other than the one in which the action was instituted. Section 378 of the Code of Civil Procedure 1922, which provides, "if there be more than one defendant, then the action may be tried in any county in which one or more of the defendants to such action resides," is not applicable in this case. This provision of the Code clearly had reference to personal defendants residing in different counties, and therefore the Court of Spartanburg County did not acquire jurisdiction of the owner or driver of the truck in question by reason of the same being attached, seized, and held in Spartanburg County where the alleged injury occurred. According to

our view of the law governing the case, so far as the rights of the personal defendants are involved, the Court of the County of Spartanburg had jurisdiction only for the purpose of transferring the causes to the County of Sumter for trial, the place of their residence, and had jurisdiction for no other purpose. *Steele v. Exum,* 22 S. C., 276; *Rafield v. Atlantic Coast Line R. Co.,* 86 S. C., 324, 68 S. E., 631; *All v. Williams,* 87 S. C., 101, 68 S. E., 1041, Ann. Cas., 1912-B, 837; *Duncan v. Duncan,* 93 S. C., 495; 76 S. E., 1099. It appears from the order of the Circuit Judge that his Honor did not pass upon the jurisdictional question, but treated the objection raised by the defendants as a motion by the defendants to change the venue from Spartanburg County to Sumter County, and, it appears, assumed that the Court of Spartanburg County had jurisdiction of the personal defendants, as well as the defendant Chevrolet motor truck. Taking this view of the case, his Honor, after consideration, granted the plaintiffs' motion, retaining the causes for trial in Spartanburg County, upon the ground that it would "promote the convenience of witnesses and the ends of justice." As stated, in our opinion, the Court of Spartanburg County had no jurisdiction of the personal defendants, except for the purpose of transferring the causes, as to them, to Sumter County, the place of their residence, for trial. If his Honor, Judge Sease, had issued such order, the Court of Sumter County could have entertained a motion for a change of venue as to the personal defendants to Spartanburg County upon any of the grounds provided by law, but the Court of Spartanburg County did not have jurisdiction of the personal defendants, except for the purposes above stated, transferring the causes to Sumter County for trial as to them, and could not issue an order binding on them in any other respect. In this connection we call attention to the fact that the Circuit Judge did not pass upon plaintiff's motion to withdraw the actions as to the personal defendants and proceed against the truck in that

Court. Of course, there was nothing at the time of the hearing or at this time to prevent the Court of Spartanburg County from going forward with the causes against the damage-feasant truck.

It is therefore the judgment of this Court that the order of his Honor, Judge Sease, be and the same is hereby reversed and the case remanded to the Court of Common Pleas of the said County of Spartanburg with direction that that Court sustain the jurisdictional objection of the personal defendants Robert Burkett and Burnett Pinkney, and by order transfer the cases as to them to the County of Sumter, with the right to the plaintiffs in the causes to move before the Court, the Court of Common Pleas for Sumter County, for an order changing the venue to Spartanburg County, upon the grounds provided by law. It is the further judgment of this Court that the Court of Common Pleas for Spartanburg County retain jurisdiction of so much of the above-entitled cause of action as pertain to an action *in rem*.

Note: Let the notice served by the plaintiffs, the demurrer, and the order of the Circuit Judge be reported.

Mr. Chief Justice Blease and Mr. Justice Stabler concur.

Mr. Justice Cothran concurs in result.

Mr. Justice Cothran (concurring in result) : These three actions were simultaneously but separately instituted by the several plaintiffs against the same defendants, for damages on account of personal injuries alleged to have been sustained in a collision between a truck which belonged to the defendant Burkett and operated by his agent, the defendant Pinkney, and the automobile in which they were riding, near the City of Spartanburg. It was alleged that the collision was due to the negligent, reckless, and unlawful operation of the truck by the driver.

The defendants Burkett and Pinkney were and are residents of the County of Sumter.

I will confine my attention to the case first above stated; what I shall have to say being considered as applied to the other two cases.

At the time of the commencement of the action the plaintiff sued out an attachment and had the truck levied upon by the Sheriff, in whose possession it has since remained.

The case has a very unusual presentation: The personal defendants answered interposing an objection to the jurisdiction of the Court of Common Pleas of Spartanburg County, upon the ground that they were residents of Sumter County where only they could be sued, they appearing for that purpose only.

In September, 1929, after the commencement of the action in May, 1929, and the service of the answer, the plaintiff gave notice of a motion "for an order finally disposing of the first defence set up in each of the answers (the objection to the jurisdiction), which is, in legal effect, a motion by the defendants to change the venue from Spartanburg County to Sumter County on the ground that the defendants are residents of that County, and will seek an order refusing the change of venue and, in effect, changing the venue to Spartanburg County as though the action had been instituted in Sumter County, on the ground that the convenience of witnesses will be promoted by the trial of the cases in Spartanburg County, and that to require the trial in Sumter County would be substantially to defeat the rights of the plaintiffs, because their means and the means of the numerous witnesses who saw the accident resulting in injury to the plaintiffs are so limited as to render it a practical impossibility for the plaintiffs and their witnesses to appear for trial in Sumter County, and, on the further ground that one of the plaintiffs, H. S. Lipscomb, 'is aged, in ill health, and so injured by the accident as to make it wholly impossible for him to go to Sumter,' and as an alternative motion 'for an order allowing the plaintiffs to dismiss as to the personal defendants and to proceed with the action in Spartanburg

County against the damage-feasant automobile, which did the injury in Spartanburg County, and which was attached and is now held in Spartanburg County.' "

The motion of the plaintiff then came on to be heard by his Honor, Judge Sease, who filed an order dated September 14, 1929. In this order his Honor did not pass upon the question of jurisdiction of the Court of Spartanburg County over the personal defendants, a matter directly in issue in the motion of the plaintiff, and in the answer of the defendants, but appears to have treated the objection interposed to the jurisdiction as a motion on the part of the defendants to change the venue from Spartanburg County to Sumter County, a matter that was not then before him, except as it incidentally would follow upon his sustaining the jurisdictional objection. He accordingly held that for the convenience of witnesses the trial had best be had in Spartanburg County, a matter that was not then and could not have been before him, and refused what he considered the motion before him to have been to change the venue to Sumter County. If the Spartanburg Court had jurisdiction of the personal defendants, it had the right to retain that jurisdiction until the defendants upon a proper showing might procure an order changing the venue to Sumter County, a motion that they were not making. If it did not have jurisdiction of the personal defendants, upon so concluding the presiding Judge of the Spartanburg Court could do nothing but sign an order transferring the case for trial to the Sumter Court, *Rafield v. R. Co.*, 86 S. C., 324, 68 S. E., 631. This order could in no sense have been considered as a change of venue, for that assumes that the Court from which the case was transferred to another county had originally jurisdiction. The order transferring the case to Sumter County, which automatically would follow sustaining the objection to the jurisdiction of the Spartanburg Court, would lodge the power to change the venue only in the Sumter Court.

His Honor should have passed upon the jurisdictional objection. It appears, however, that when he treated that objection as a motion by the defendants to change the venue from Spartanburg to Sumter, he assumed that at that time the Spartanburg Court had jurisdiction of the personal defendants, for only in that event could he have passed any other order than one providing for a transfer of the case for trial to the proper county, where alone a motion for a change of venue could properly be made.

This brings me to the question of the jurisdiction of the Spartanburg Court over the personal defendants; upon this issue I do not see how there can be room for argument.

Section 378 of the Code provides that: "In all other cases [than those referred to in the preceding sections, among which the present action does not appear] the action shall be tried in the county in which the defendant resides at the time of the commencement of the action.   *   *   * "

It has been settled by the case of *Bank v. Brigman,* 106 S. C., 367, 91 S. E., 332, L. R. A., 1917-E, 925; *Hall v. Locke,* 118 S. C., 267, 110 S. E., 385; *Williams v. Garlington,* 131 S. C., 289, 127 S. E., 20; *Tolbert v. Buick Car,* 142 S. C., 362, 140 S. E., 693; *Petit v. Wise,* 131 S. C., 112, 126 S. E., 400; *Ex parte Maryland Ins. Co.,* 117 S. C., 106, 108 S. E., 260, that an attachment proceeding against an offending automobile is a proceeding in *rem* and may be instituted in the county in which the injury occurred and where it may be found. We do not think that this very exceptional proceeding, to which the owner, as it has been held, need not be a party, can be so extended by making him a party and abrogating the provisions of Section 378.

In *Williams v. Garlington, supra,* a similar action was brought in Greenville County on account of a collision in that county; the automobile was there attached; the personal defendants were residents of Laurens County; the order of his Honor, Judge Dennis, from which the defendants appealed was as follows:

"The defendants moved that the action be dismissed or the venue changed to Laurens County; it appearing that all the defendants reside now and did reside at that time in Laurens County. The plaintiff thereupon withdrew all demand for judgment against any of the defendants, and asked to proceed against the car which has been attached as a proceeding in *rem*. Under the case of *Hall v. Locke,* 118 S. C., 267, 110 S. E., 385, such an action in *rem* is approved. While my understanding of attachment is that it is a supplementary proceeding which cannot stand alone, still under that decision of the Supreme Court it seems that in an automobile accident case an action can be maintained against the automobile as an action in *rem*. The demand for judgment against the defendants having been withdrawn and the proceeding being in *rem,* the motion to dismiss the action and to change the venue to Laurens County is overruled."

The order was affirmed by this Court upon the ground that the plaintiff having withdrawn any claim for judgment against the personal defendants, this in effect converted the action to one in *rem,* and the car having been attached in Greenville County, the Court of that county had jurisdiction over the automobile. It seems clearly indicated that if claim for judgment against the personal defendants had been insisted upon, the case would have been transferred to Laurens County.

In *Tolbert v. Buick Car, supra,* the proceeding was entirely one in *rem*; the owner was not made a party; the automobile was attached. The Court held that in a proceeding in *rem* it was not necessary that the owner be made a party.

In the cases upholding the jurisdiction of the Court, it was placed upon the ground that the proceeding was one in *rem;* no question as to the liability of the owner beyond the value of the car being involved.

His Honor, Judge · Sease, specifically declined to pass upon the motion of the plaintiff to withdraw his action so far as the personal defendants were concerned. If he had

granted the motion, doubtless under the *Williams v. Garlington case* the plaintiff might have held jurisdiction so far as his attachment against the truck was concerned. Not having done so, that question is not before this Court.

I think therefore that the order of his Honor, Judge Sease, should be reversed and the case remanded to the Court of Common Pleas of Spartanburg County with direction to sustain the jurisdictional objection of the personal defendants and to order a transfer of the case as to them to Sumter County without prejudice to a motion by the plaintiff in the Court of that county for an order changing the venue to Spartanburg County.

The leading opinion permits the plaintiffs to prosecute in *rem,* against the car, in the Court of Common Pleas of Spartanburg County, and directs the proceeding against the personal defendants to be transferred to Sumter County. This anomalous situation demonstrates, I think, the fallacy of the *Hall v. Locke* decision, 118 S. C., 267, 110 S. E., 385, which in my opinion, with the cases which have followed it, should be overruled, and that the entire case should be transferred to Sumter County. I agree fully with the observation of his Honor Judge Dennis in the *Williams v. Garlington case,* above quoted, which is in line with my views expressed in the *Hall v. Locke case.*