### SPITZER v. THE ANNETTE ROLPH.

#### (District Court, D. Oregon. January 2, 1923.)

#### No. 9050.

1. **Removal of causes ⬦⟜26—Vessel is not "citizen" within removal statutes.**

   A vessel is not a "citizen," within the purview of the statutes authorizing removal of causes to the federal courts, so that a cause instituted in the state court by a citizen of the state against a vessel, whose home port was in another state cannot be removed on the ground of diversity of citizenship.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Citizen.]

2. **Courts ⬦⟜489(1)—Removal of causes ⬦⟜19(5)—Tort committed on land is not removable, as cognizable exclusively in admiralty.**

   An action for a tort which occurred on the dock at which the vessel was moored was for a tort committed on land, which is without the pale of admiralty cognizance, so that the exclusive jurisdiction of admiralty is not invaded by bringing such action in a state court, and the cause is not removable to a federal court on that ground.

3. **Courts ⬦⟜489(1)—Fact suit was against vessel does not give jurisdiction, unless cause is cognizable in admiralty.**

   The fact that a suit in a state court was instituted against a vessel by name cannot affect the jurisdiction of admiralty, unless the cause is one fundamentally cognizable in admiralty.

Action by W. L. Spitzer against the Annette Rolph, a vessel, instituted in a state court and removed by defendant to the United States District Court. On motion to remand. Motion sustained.

Collier, Collier & Bernard and John W. Kaste, all of Portland, Or., for plaintiff.

Platt & Platt, Montgomery & Fales, of Portland, Or., for defendant.

WOLVERTON, District Judge. The plaintiff, proceeding against the Annette Rolph, a vessel, is seeking recovery for damages arising from a tort which occurred on the dock at which the vessel was moored, and while she was engaged in taking on cargo. The case was instituted in the state court, from which it was removed to this, a fed-

eral court. The plaintiff has interposed a motion to remand, and the matters for decision arise thereon.

The grounds specified by the petition upon which the removal is based are: First, that the controversy is between citizens of different states, namely, the plaintiff, a citizen and resident of the state of Oregon, and the defendant vessel, the home port of which is the city of San Francisco, Cal.; and, second, that the controversy is one exclusively within the jurisdiction of the admiralty courts.

[1] The latter ground is the one stressed in resisting the motion to remand. I am not persuaded that diversity of citizenship exists. I have been cited to no authorities which denominate a vessel a citizen, within the meaning of the federal statute giving the District Court jurisdiction by reason of diversity of citizenship. A corporation is a citizen, within the purview of the statute; but it has never been held, so far as I am aware, that a vessel may be so denominated, entitling it to a like right or privilege.

[2] As it relates to the other ground the exclusive jurisdiction of admiralty is not invaded, unless the cause be one cognizable therein. Rounds v. Cloverport Foundry, 237 U. S. 303, 308, 35 Sup. Ct. 596, 59 L. Ed. 966. It is obvious that a tort committed on land is without the pale of admiralty cognizance. Cordrey v. Steamship Bee, 102 Or. 636, 201 Pac. 202, 20 A. L. R. 1079.

[3] That the suit was instituted against the vessel by name cannot affect jurisdiction, unless the cause is one fundamentally cognizable in admiralty.

The motion to remand will be sustained.