## 11719

### WILLIAMS v. GARLINGTON *ET AL.*

#### (127 S. E., 20)

1. VENUE—HIGHWAYS—ACTION FOR PERSONAL INJURIES FROM AUTOMOBILE HELD MAINTAINABLE AS PROCEEDING IN REM IN COUNTY WHERE INJURY OCCURRED AND AUTOMOBILE WAS ATTACHED.—Where plaintiff, suing for personal injuries caused by automobile, on defendants' motion for change of venue withdrew all demand for judgment against defendants personally, and asked to proceed as proceeding *in rem* against automobile which had been attached, *held* under Civ. Code, 1922, § 5706, such action was authorized, and Court was not without jurisdiction, and did not err in refusing to dissolve attachment or to grant change of venue.

2. APPEAL AND ERROR—ERROR IN NOT ALLOWING TIME TO ANSWER HELD NOT SHOWN BY THE RECORD.—Error in proceeding to trial

without giving defendants time to answer after denial of motions to dismiss for want of jurisdiction or for change of venue *held* not shown, where no motion for allowance of time or for continuance was disclosed by record.

Before DENNIS, J., Greenville, April, 1924.    Affirmed.

Action by Elizabeth Williams against John Garlington and Luther Stephens and others. From order overruling motion to dismiss and for change of venue defendants appeal.

*Messrs. Huff & Huff* and *Bowen & Bryson,* for appellant, cite: *Trial should have been where defendants reside:* Code, 1922, Vol. 1, Sec. 378; 11 S. C., 122; 16 S. C., 276; 22 S. C., 276; 24 S. C., 392; 25 S. C., 385; 28 S. C., 313. *Objection may be raised in the Supreme Court for the first time on judgment rendered in another county:* 74 S. C., 71. *Attachment should have been dismissed for want of jurisdiction:* 32 S. C., 319; 33 S. C., 350; 39 S. C., 497; 54 S. C., 596. *An attachment is a collateral proceeding:* 114 S. C., 418; 86 S. C., 10; 112 S. C., 477. *Right to attach an automobile* (Laws 1912, 737) *and method of procedure:* 118 S. C., 267. *Motion to transfer should have been granted:* 87 S. C., 322. *Answering specially does not waive defect of jurisdiction:* 74 S. C., 71. *Right to appeal and plead generally to merits after overruling defendants' motion:* Code, 1922, Vol. 1, Sec. 406. *Ruling at prior mistrial not res judicata:* 122 S. E., 399; 11 S. C., 122. *Review of intermediate order after appeal from final judgment:* Vol. 1, Code, 1922, Page 10.

*Messrs. Bonham, Price & Poag,* for respondents, cite: *Attachment and jurisdiction:* 110 S. E., 385.

March 14, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The appeal is from the following order of his Honor, Judge E. C. Dennis:

"This is the case of *Elizabeth Williams v. John*

*Garlington et al.*  It is an action in Greenville County for damages caused by an automobile belonging to the defendants.  The accident happened in Greenville County, and under attachment issued by the Clerk of Court of this county, the automobile was attached.  The defendants moved that the action be dismissed or the venue changed to Laurens County; it appearing that all the defendants reside now and did reside at that time in Laurens County.  The plaintiff thereupon withdrew all demand for judgment against any of the defendants, and asked to proceed against the car which has been attached as a proceeding *in rem.*  Under the case of *Hall v. Locke,* 118 S .C., 267, 110 S. E., 385, such an action *in rem* is approved.  While my understanding of attachment is that it is a supplementary proceeding which cannot stand alone, still under that decision of the Supreme Court it seems that in an automobile accident case an action can be maintained against the automobile as an action *in rem.*

"The demand for judgment against the defendants having been withdrawn and the proceeding being *in rem,* the motion to dismiss the action and to change the venue to Laurens County is overruled."

The action was commenced in Greenville County by the service of a summons, complaint, attachment affidavit, bond and warrant upon each of the "defendants at Laurens, S. C., by the sheriff or deputy of Laurens County, and by the sheriff of Greenville County attaching the automobile of John Garlington, one of the defendants, while same was" in Greenville County.  The complaint alleges that the action "is an action in attachment against said automobile, upon which plaintiff has a lien under the statutory law of South Carolina."  The defendants answered specially, setting up that the defendants were residents of Laurens County and that the Court was without jurisdiction.

That under our statute (Section 5706, Volume 3, Code 1922), an action *in rem* may be maintained to enforce the

lien for which the statute provides was distinctly and expressly held by this Court in *Hall v. Locke* 118 S. C., 267; 110 S. E., 385, and any doubt as to whether the statute was intended to authorize such an action must be regarded as definitely resolved by that decision.

While the classification of actions as *in rem* or *in personam* is recognized and applied in other Courts (1 C. J. 1041, § 171), it is chiefly used in admiralty, and it is to the Courts of admiralty that resort is usually had "for examples of proceedings and judgments *in rem,* in the proper sense." Thus it has been said that—

"A suit in admiralty to enforce a maritime lien is not an action against any particular person, to compel him to do or forbear something, but a claim against all mankind, a suit *in rem* asserting the claim of the libelant to the thing as against all the world—a method of procedure against the thing, resorted to in that Court to enforce a right in the thing, called a 'maritime lien.' It constitutes no incumbrance on the vessel, but becomes one only by virtue of an actual attachment." *Dulin v. McCaw,* 39 W. Va., 721, 725; 20 S. E., 681, 683.

"A ship is, of necessity, a wanderer, visiting places where her owners are unknown. * * * These and other kindred characteristics of maritime commerce have established the necessity of making the ship herself security, in many cases, to those who have demands against the masters or owners. All these are maritime liens, whether created by actual hypothecation, by implication, or by operation of law." Ben, Adm'r (3d Ed.) § 270.

The somewhat striking analogy between the automobile of today, passing swiftly over the modern highway from one jurisdiction to another, and the ship plying the ocean highway, from port to port and from country to country, with respect to the necessity which gave rise to the doctrine of the maritime lien and its enforcement by the action *in rem,* is sufficiently apparent. In the light of that analogy, when

it was held by this Court in *Hall v. Locke* that the lien of the statute (Section 5706) is enforceable by an action *in rem,* there is no room for doubt that it was the intent fully to recognize and apply for purposes of jurisdiction and venue the distinction between the action *in rem* and the action *in personam.* That distinction has been thus stated:

"This is the distinction between an action *in personam* and an action *in rem.* In an action *'in rem,'* a valid judgment may be obtained so far as it affects the *res* without personal service of process; while in an action to recover a judgment *'in personam'* process must be personally served, or there must be a personal or authorized appearance in the action." *White v. Glover,* 138 App. Div., 797; 123 N. Y. S., 482.

"It is a distinguishing peculiarity of a proceeding *in rem* that the jurisdiction of the Court, in the particular case, rests merely upon the seizure or attachment of the property. No personal notice to any individual is required. The *res,* being brought within the jurisdiction of the Court, becomes subject to its adjudication, and all parties interested are supposed to be duly appraised of the proceedings by the mere taking of the property, or by the usual proclamation or published notice." *Dulin v. McCaw,* 39 W. Va., 721, 727; 20 S. E., 681, 648.

And see *Freeman v. Alderson,* 119 U. S., 187; 7 S. Ct., 165; 30 L. Ed., 372.

It is obvious, therefore, that the Circuit Court had jurisdiction of the case at bar as an action *in rem.* It follows that appellants' contentions (1) that the Court of Common Pleas for the County of Greenville was without jurisdiction, (2) that the presiding Judge erred in not dissolving the attachment for want of jurisdiction of the action, and (3) that error was committed in not changing the venue to the County of Laurens, cannot be sustained.

No basis for appellants' fourth point—that the trial Court committed error in proceeding to trial without giving defendants time to answer—is disclosed by

the record. No motion to be allowed to answer or for continuance of the trial appears to have been made.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS and FRASER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not particpiate.