**CORLEY v. ONE 1950 INTERNATIONAL TRUCK L-190, etc., et al.**

Civ. A. No. 1326.

United States District Court
W. D. South Carolina, Greenwood Division.

Feb. 12, 1953.

Griffith & Coleman, Saluda, S. C., for plaintiff.

N. A. Turner, Columbia, S. C., for defendants.

WYCHE, Chief Judge.

This is an action in rem against the defendants truck and trailer in which the plaintiff seeks to recover damages in the sum of $20,000 for personal injuries alleged to have been caused by the negligent operation of the defendants truck and trailer, and was removed to this court upon the ground of diversity of citizenship.

The matter is before me upon plaintiff's motion to remand.

The sole question is whether or not the United States District Court would have original jurisdiction of the action brought in this case. If it would have, the case is removable. If not, the motion to remand should be granted.

Counsel for the defendant relies upon 28 U.S.C.A. § 1332, which is as follows: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between: (1) Citizens of different States".

The action is a civil action and the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, so, then, the question remaining is, whether or not the action is between citizens of different States.

The action was brought under Section 45–551 of the Code of Laws of South Carolina for 1952, which provides as follows: "When a motor vehicle is operated in violation of the provisions of law or negligently, carelessly, recklessly, willfully or wantonly and any person receives personal injury or property is damaged thereby or a cause of action for wrongful death arises therefrom, damages recoverable therefor shall be and constitute a lien next in priority to the lien for State and county taxes upon such motor vehicle, recoverable in any court of competent jurisdiction, and the person sustaining such damages or the personal representative of the deceased or any one or more of the beneficiaries for whom such cause of action shall be brought under Sections 10–1951 and 10–1952 for the benefit of all such beneficiaries may attach such motor vehicle in the manner provided by law for attachments in this State. But this lien shall not exist if the motor vehicle was stolen by the breaking of a building under a secure lock or when the vehicle is securely locked."

[1, 2] Under this section an injured person may maintain an action in rem against the automobile alone without making the owner, operator, or any one else a party defendant; the owner's remedy is to intervene and set up his rights to the attached

732

automobile; the action in this case may be likened to a similar proceeding in admiralty. Tolbert v. Buick Car, New York License, etc., 142 S.C. 362, 140 S.E. 693. Of course, jurisdiction in admiralty cases is given to district courts by 28 U.S.C.A. § 1333.

A suit in admiralty to enforce a maritime lien is not an action against any particular person, to compel him to do or forbear something, but a claim against all ·mankind, a suit in rem asserting the claim of the libelant to the thing as against all the world—a method of procedure against the thing, resorted to in that Court to enforce a right in the thing, called a "maritime lien". It constitutes no incumbrance on the vessel, but becomes one only by virtue of an actual attachment; in an action in rem, a valid judgment may be obtained so far as it affects the res without personal service of process; while in an action to recover a judgment in personam process must be personally served, or there must be a personal or authorized appearance in the action; it is a distinguishing peculiarity of a proceeding in rem that the jurisdiction of the Court, in the particular case, rests merely upon the seizure or attachment of the property. No personal notice to any individual is required. The res, being brought within the jurisdiction of the Court, becomes subject to its adjudication, and all parties interested are supposed to be duly appraised of the proceedings by the mere taking of the property, or by the usual proclamation or published notice. Williams v. Garlington, 131 S.C. 289, at pages 292, 293, 127 S.E. 20.

The action here is not one against any particular person or corporation, but is an action against an automobile. A corporation, of course, is an artificial person, but it has never been held that an automobile is an artificial person. A person or an artificial person could file a counterclaim to an action for damages, but the automobile could not file a counterclaim in this action. Under the State statute an automobile can be sued, but it cannot sue. In this case the owner of the automobile is not an indispensable or necessary party. The owner has not been made a party defendant nor is there any personal judgment demanded against it. No federal statute nor decision has been called to my attention, nor have I been able to find any, that says that a motor vehicle in an action of this kind is a citizen as contemplated in the removal statute, but it has been held that a vessel is not a citizen under the removal statute in a case instituted in the State court by a citizen of the State against a vessel whose home-port was in another State. In that case it was held the cause could not be removed to the federal court on the ground of diversity of citizenship and the court said: "A corporation is a citizen, within the purview of the statute; but it has never been held, so far as I am aware, that a vessel may be so denominated, entitling it to a like right or privilege." Spitzer v. The Annette Rolph, D.C., 285 F. 446, 447.

Unless a statute can be cited that would give this court jurisdiction of an action of this kind, it is my duty to remand the case to the State court. Therefore, the motion to remand should be granted, and

It is so ordered.