## 10269

### CLEVELAND v. CANNADY *ET AL.*

#### (100 S. E. 147.)

ATTACHMENT—CHECK GIVEN TO SECURE CARRIER NOT ATTACHABLE AS PROPERTY OF SELLER.—A purchaser of potatoes from a resident of Georgia, who gave the agent for the carrier at destination in South Carolina a certified check for amount of draft attached to the bill of lading by the seller and forwarded to a bank, but delayed, could not, in his action against the seller for damages, attach the check in the hands of the carrier's agent as the property of the seller, as it was deposited to protect the carrier.

Before BOWMAN, J., Greenville, Spring term, 1919. Reversed.

Action by Grover Cleveland against J. C. Cannady and H. C. Harvley, agent for the Charleston & Western Carolina Railway Company. From an order denying a motion to vacate the attachment, defendant, Harvley, appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant, submit: *Cannady had no property in the check at the time of the attachment:* 72 S. C. 450; 88 S. C. 77; 23 S. E. (W. Va.) 702; 2 R. C. L. 859. *The attachment should have been dissolved for failure in the affidavit to show that Cannady was not a resident of this State:* 31 S. C. 46. *Attachment should have been dissolved for failure to have a surety to the undertaking:* Code of Procedure, sec. 282.

*Mr. H. P. Burbage,* for respondent, submits: *Cannady had such an interest in the check as made it subject to attachment:* 76 S. C. 358; 4 Cyc. 556—footnotes; 2 Nott & McCord 248.

August 25, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

On March 23, 1919, the defendant, Cannady, a resident of Douglas, in the State of Georgia, on an order from

plaintiff, shipped a carload of potatoes to Greenville, S. C., and consigned them to himself, with directions to notify himself. He made draft on plaintiff, for whom they were intended, for the price thereof, $978.53, attached it to the bill of lading, which he indorsed, and delivered both to a bank for collection of the draft and delivery of the bill of lading on payment thereof. The shipment arrived on March 26th, but the bill of lading and draft were delayed, and did not reach trere until March 31st. On arrival of the potatoes, plaintiff applied to Harvley, the agent of the railway company, for them; but Harvley told him that he could not deliver them without production of the bill of lading, indorsed by Cannady. As the potatoes were perishable, and plaintiff was anxious to get them at once, he deposited with Harvley a certified check for the amount of the draft to indemnify Harvley against loss by reason of his delivering the potatoes to him without the order of Cannady, contained in the indorsed bill of lading, and the potatoes were delivered to him. This was done without the knowledge or consent of Cannady.

On the same day (March 26th) plaintiff brought this action against Cannady, making Harvley, as agent of the railway company, a party defendant, and alleging that, when he took the potatoes out of the car, he discovered that they were not the kind or quality ordered, and were badly damaged by decay, and claimed damages to the amount of $400. He procured a warrant of attachment against the property of Cannady, which was issued on the ground that he was not a resident of this State, and had the same levied on the check in Harvley's hands, as Cannady's property.

The Court erred in refusing Harvley's motion to vacate the attachment, made on the ground that Cannady had no property in the check. Cannady had nothing to do with the arrangement between plaintiff and Harvley. The carrier delivered his property to plaintiff without his authority, and

was, therefore, liable to him for the resulting damage. The check was deposited to protect the carrier, and not for Cannady or for his benefit. If Cannady had consented to that arrangement, a different question would have been presented, but he repudiated it and notified the carrier that he would hold it liable for the value of his potatoes, and the fact that the carrier took indemnity from plaintiff would be no defense to Cannady's suit against it. Suppose the carrier had taken only a promise to indemnify or a bond? Its liability to Cannady is the same, whether it had taken any indemnity or not. Having deposited the check to protect the carrier, plaintiff cannot be allowed to destroy or diminish the security which he agreed that it should afford the carrier by seizing it under his attachment. The jurisdiction of the Court depended upon Cannady's property in the check. As he has none, the attachment should have been set aside. *Grocery Co. v. Elevator Co.,* 72 S. C. 450, 52 S. E. 191, 2 L. R. A. (N. S.) 79, 110 Am. St. Rep. 627, 5 Ann. Cas. 261; *Baker v. Doe,* 88 S. C. 69, 70 S. E. 431, 34 L. R. A. 510.

Order reversed.