## 10687

## HALL v. LOCKE

### (110 S. E. 385)

1. HIGHWAYS—STATUTE MAKES VEHICLE LIABLE TO LIEN FOR DAMAGES, REGARDLESS OF PERSONAL LIABILITY OF OWNER OR OPERATOR.— The statute making a motor vehicle operated in violation of law or negligently subject to a lien for damages caused thereby, subjects the vehicle to such lien, regardless of whether the owner of the car or the person illegally or negligently operating it is personally liable for the injuries.

2. HIGHWAYS—REMEDY AGAINST AUTOMOBILE DOES NOT PRECLUDE RECOVERY FROM OPERATOR.—The statutory remedy in rem giving a lien on an automobile legally or negligently operated for damages caused thereby does not supersede the right of personal action against the person operating the car.

3. HIGHWAYS—SHOWING DEFENDANT OWNER WAS NOT PERSONALLY LIABLE DOES NOT BAR RECOVERY AGAINST AUTOMOBILE.—In an action brought against the owner of an automobile which collided with and damaged plaintiff's car, in which the defendant was alleged to have operated the automobile negligently, proof that defendant was not operating the automobile, and was not even

present, though it prevents recovery of a personal judgment against him, does not prevent a judgment establishing the statutory lien for the damages against the automobile.

Before GARY, J., Anderson ————1921. Affirmed.

Action by A. C. Hall against Clarence E. Locke. Judgment for plaintiff and defendant appeals.

*Mr. Leon L. Rice,* for appellant.

*Messrs. Dickson & Miller, for respondent, cite: Machine only liable:* 106 S. C., 367. *Lien is superior to a mortgage and to homestead claim:* 112 S. C., 259.

August 1, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

These facts appear in the record:

"This was an action begun on March 22, 1920, in the Court of Common Pleas for Anderson County, for damages alleged to have been sustained by the plaintiff in an automobile collision on the public highway. The plaintiff sought damages in the sum of $1,000.

"The complaint alleged, in substance, that the defendant, Clarence E. Locke, on March 21, 1920, operated his Ford touring car, motor No. 2626878, upon the highway in a careless, reckless, and unlawful manner, and injured plaintiff's automobile in attempting to pass plaintiff's car. A lien is claimed upon defendant's Ford automobile, and warrant of attachment was issued by the clerk of Court. The defendant appeared by guardian ad litem, making affidavit that he was only 16 years of age.

"At the conclusion of the case defendant, Clarence E. Locke, by his counsel, made a motion for a directed verdict for the defendant as to punitive damages, and upon the further ground that the allegations of the complaint were that Clarence E. Locke was guilty of the negligence and

willfulness charged in the complaint, while the proof was conclusive that said Clarence E. Locke was at home on the afternoon of the alleged injury, and that the car was in charge of the father of said Clarence E. Locke, who was accompanied by two other men.

"The Court, after hearing arguments, ruled that he would direct the jury not to find a personal judgment against the defendant or anybody else, but that, under his construction of the statute, the proceeding was in rem, and that he should direct the jury to find their verdict, if they found liability, against the Ford automobile."

The form of the verdict was as follows:

"We find that the property of the plaintiff was damaged as alleged in the complaint by the defendant's Ford automobile, bearing Motor No. 2622878, and South Carolina license No. 35896, $400, said Ford automobile being negligently operated on the public highway of Anderson County, and that the said automobile is subject to a lien for such damages.

"J. W. McDONALD, Foreman."

It is conceded that defendant, Clarence Locke, was not present at the accident, and that he was the only party sued. There was no allegation that the agent or servant or any person other than defendant committed the acts of negligence alleged. Motion for a new trial was noted and argued, but overruled, and this appeal is from the proceedings below, upon the following exceptions:

"(1) Because it was error for the Court to refuse to direct the verdict for defendant on the whole case, after holding, in conformity with the proof, that no personal judgment could be had against the defendant; it being submitted that attachment is only a provisional remedy in aid of an action and that if the action fails, the attachment fails.

"(2) Error of the Court in holding that the attachment proceedings could stand when the plaintiff failed to recover

judgment against the defendant. It is submitted that an automobile cannot be guilty of negligence, and that if the plaintiff fails to recover judgment against the defendant the attachment proceedings would become inoperative and ineffectual as an aid to the action."

The title of the Act (Laws 1912, p. 737) is as follows:

"An Act to further regulate the running of motor vehicles, in this State." We have classified the Act, which is as follows, by enumerating its provisions:

"(1) When a motor vehicle is operated in violation of the provisions of law, or negligently and carelessly, and when any person receives personal injury thereby, or when a buggy or wagon or other property is damaged thereby, (2) the damages done to such person or property shall be and constitute a lien next in priority to the lien for State and County taxes upon such motor vehicle, (3) recoverable in any Court of competent jurisdiction, (4) and the person sustaining such damages shall have a right to attach said motor vehicle in the manner provided by law for attachments in this State: (5) Provided, that this Act shall not be effective in case the motor vehicle shall have been stolen by the breaking of a building under a secure lock, or when the vehicle is securely locked."

Classification 1 of the Statute states the facts necessary to constitute a cause of action thereunder. In an action by a person for the recovery of damages suffered by him personally, or through injury to his property, the complaint should allege the facts and circumstances which show that such injury was caused by a motor vehicle, while it was being operated negligently or in violation of law, and such allegations must be sustained by testimony.

Classification 2 shows that such damages shall constitute a lien on the motor vehicle, operated as aforesaid.

Classification 3 merely provides that the action for damages may be brought in any Court of competent jurisdiction.

Classification 4 is to the effect that the plaintiff shall have the right to attach the motor vehicle in the manner provided by law in this State.

Classification 5 provides the manner in which an action for damages may be defeated.

There is no provision in the Statute that the owner of the car, or the person illegally or negligently operating it, should be personally liable thereunder. In *Goldsmith, Jr., Grant v. United States,* 254 U. S. 505, 41 Sup. Ct. 189, 65 L. Ed. ——, it was held that Section 3450, Revised Statutes of the United States (U. S. Comp. St. § 6352), providing for the forfeiture of any conveyance used in the removal of any goods or commodities, with intent to defraud the United States of the tax thereon, applies to an automobile used in the unlawful removal of distilled spirits, though a seller of the automobile, who retained title for the unpaid purchase money, was without guilt; and the Statute so applied does not violate the Fifth Amendment of the United States Constitution, relative to due process of law, as the thing forbidden is, primarily, considered the offender. In delivering the opinion of the Court, Mr. Justice McKenna said:

"It is the illegal use, that is the material consideration, it is that which works the forfeiture, the guilt or innocence of its owner being incidental."

Under our Statute, it is the illegal or negligent operation of the vehicle, whereby another suffers damages in person or property, that is the material consideration, the guilt or innocence of the owner being merely incidental. *Bank v. Brigman,* 106 S. C., 362, 91 S. E., 332, L. R. A. 1917 E, 925; In re McFadden, 112 S. C., 258, 99 S. E., 838; *Tate v. Brazier,* 115 S. C., 338, 105 S. E., 413.

While it is true that the remedy provided by the Statute is in rem, nevertheless it was not the intention of the Statute to supersede the right of a personal action against the owner or any other person operating the car illegally or negligently, thereby causing damages to another.

The injured person may proceed against the offending car alone, and it may be sold under order of the Court to satisfy the damages ascertained by the jury to have been sustained by the plaintiff. But the injured person also has the right to make the owner of the car, or other person causing the damage, a party defendant, and recover a personal judgment against such person if he was operating the car illegally or negligently upon the public highway, whereby another was injured. After sale of the car by order of the Court, the proceeds, after payment of the costs, shall be credited on the personal judgment, and execution issued on the personal judgment to satisfy any balance that might remain. A personal judgment cannot be recovered against the wrongdoer, unless he is made a party defendant to the action.

The sole question presented by the exceptions is, whether there was error on the part of his Honor the presiding Judge, in refusing to direct a verdict in favor of the defendant, Locke, on the ground that the testimony failed to show that a personal judgment could be recovered against him.

When the presiding Judge ruled that no personal judgment could be recovered against the defendant, Locke, he thereby practically ceased to be a party to the action, which was converted into a proceeding in rem.

The verdict shows that the jury found every fact necessary for a sale of the automobile to satisfy the amount found by them.

Appeal dismissed.

MR. JUSTICES WATTS and FRASER concur.

MR. JUSTICE COTHRAN (dissenting): On March 21, 1920, an automobile owned and operated by the plaintiff, A. C. Hall, was injured in a collision with a car owned, but not operated at the time by the defendant, Clarence E. Locke.

The complaint is a straight action for damages against the defendant, alleging that the offending car was owned, and was being unlawfully, negligently, and recklessly operated, by the defendant, praying judgment for $1,000. The Locke car was seized by the sheriff under an attachment in the action, issued by the clerk of Court, and, we assume, is still in his custody.

It is conceded that the defendant, the owner of the car, was not operating or even in it at the time of the collision; that his father was operating it, and that the tortious conduct was that of the father, for whose acts the defendant was not legally responsible.

At the close of all of the testimony, the defendant moved for a directed verdict, upon the ground that the negligence alleged was that of the defendant, and the negligence proved was that of a third person, for whose negligence the defendant was not responsible. The Circuit Judge overruled the motion, stating that he would direct the jury that under the evidence they could not find a verdict against the defendant or any one else, but that "if they found liability" the action would be treated as one in rem, and they could find a verdict against the offending car. The jury found a verdict in substance that the plaintiff's car had been damaged by the negligent operation of the defendant's car, to the extent of $400, and that the latter car was subject to a lien for that amount of damages.

The defendant has appealed, and contends that: (1) There was error in the refusal of the motion to direct a

18—S. C. 118

verdict in favor of the defendant, the Circuit Judge holding that no personal judgment could be rendered against him; (2) there was error in holding that the attachment could stand after it had been determined that no personal judgment could be rendered against the defendant.

It will be noted that the complaint alleges that the defendant personally operated his car and personally was guilty of the tort complained of. The proof squarely contradicts this allegation; the defendant was not operating his car and consequently did not commit the tort. So that upon the legal cause of action alleged a nonsuit or a directed verdict was inevitable.

As to the attachment: There could not be a question but that, under ordinary circumstances, the attachment would fall with the fall of the cause of action, for the simple reason that its life depends upon the life of the cause of action alleged in the complaint. The cases in this State, and the Code itself (Section 281), demonstrate beyond the shadow of a doubt that an attachment is not an original proceeding, but is collateral to an action and cannot live without it. If no action has been instituted or the action instituted fails, the attachment goes by the board.

Section 281 of the Code allows an attachment only "whenever it shall appear by affidavit that a cause of action exists against such defendant."

"An attachment now, under the Code, is not an independent action, but only a provisional remedy in aid of an action, which in itself must be legally instituted as an indispensable prerequisite to obtain an attachment." *Stevenson v. Dunlap,* 33 S. C., 350, 11 S. E., 1017.

"It must be remembered that an action cannot now, as formerly, be commenced by a writ of foreign attachment; but that now, under the Code, an attachment is merely a provisional remedy in aid of an action, and hence, to make it available, an action must be commenced in regular form."

*Tillinghast v. Boston Co.,* 39 S. C. 497, 18 S. E. 125, 22 L. R. A. 49; *Williamson v. Ass'n.,* 54 S. C., 596, 32 S. E., 765, 71 Am. St. Rep. 822.

"An attachment is a collateral proceeding." *Lester v. Fox Corp.,* 114 S. C., 418, 103 S. E., 776; *Bank v. Sprunt,* 86 S. C., 10, 67 S. E., 955; *Cleveland v. Cannady,* 112 S. C., 447, 100 S. E., 147.

"An attachment is a provisional remedy in aid of an action; and can issue only where an action has been commenced." *Central R. Co. v. Georgia Co.,* 32 S. C., 319, 11 S. E., 192.

It was held in that case that a foreign corporation or other non-resident could only sue a foreign corporation in this State where the cause of action arose in this State or the subject of the action was situated here, and that an attachment issued upon a cause of action not of the permitted classes must be dissolved, for the reason that "an action legally instituted is a necessary condition precedent to the right to obtain an attachment."

The Statute (Act of 1912), however, is peculiar in its provisions, and an examination of it is required to ascertain whether or not it contains any provision which will save the plaintiff from this result. I do not think that there can be the slightest ground for confusion or difference of thought as to the purpose of the Act in question, or as to the proper proceedings for the enforcement of the right guaranteed or created by it. It was intended to create a lien upon a motor vehicle, by whomsoever owned or operated, for the damage caused by its negligent operation, in favor of the person damaged, to the extent of such damage, prior to all other liens except taxes. This lien automatically attached to the offending car at the moment of the injury, provided there concurred the two essential elements of its negligent operation and a resulting injury, the existence of which could,

of course, only be determined by judicial investigation, which would also fix the amount of damages.

In effect the lien created by the Act is a conditional lien, depending upon the establishment in a legal forum of (1) the negligent operation of the offending car, (2) a resulting injury, and (3) the extent of such injury measured in pecuniary damages. Pending such establishment the lien is dormant, existent, though underminded, undefined. Upon such establishment it becomes active, defined, available, and these qualities date back to the moment of injury.

It seems plain, therefore, that before the lien may become available these elements must have been judicially ascertained, that is by an action in some form in the Court.

A strict construction of the Act would possibly lead to the conclusion that a recovery of damages either against the owner or against the offending operator is essential to the continued existence and availability of the lien. It provides:

"The damages done to such person or property shall be and constitute a lien * * * upon such motor vehicle recoverable in any Court of competent jurisdiction."

Due to a common lack of discrimination between "damage" and "damages," the Act was evidently intended to read:

"The damages for an injury done to such person or property shall," etc.

The word "recoverable" refers to "damages"; "the damages recoverable in any Court of competent jurisdiction shall constitute a lien," etc. It cannot refer to lien; a lien is enforced, not recovered; damages are recovered, not enforced.

But, in my opinion, the Act is highly remedial and should receive a construction compatible with the purpose intended, which in recent cases, particularly Ex parte Maryland Motor Car Ins. Co., 117 S. C., 100, just filed, is held to be to create a lien upon a motor vehicle, by whomsoever

owned or operated, for the damage caused by the negligent operation, in favor of the person damaged, to the extent of the damage, prior to all other liens except taxes; a purpose which would obviously often be defeated by the escape of the offending operator of the car, making it impossible to obtain a judgment against him. The word "recoverable". should therefore be allowed the meaning of "ascertainable," as well as strictly recoverable.

With this interpretation of the word, therefore, if the action should be against the owner, who was also operating the car, the lien would be available upon a recovery of damages against him; if it should be against the owner who was not operating the car, the lien would be available upon an ascertainment of the damages caused by the offending operator. In either case the action would be against the owner; in the one case to recover damages against him and enforce the judgment against the car, and in the other to secure a judicial ascertainment of the damages and enforce that finding against the car. It seems clear to me that in the one case the action would be at law against the owner for damages resulting from his personal negligence; in the other it would be one in equity to create a lien upon the owner's car by reason of the negligence of the offending operator, and foreclose that lien upon the car.

The equitable action would assume the characteristics of a proceeding quasi in rem, as the foreclosure of a mortgage, not a proceeding strictly in rem—for in such case the Court acquires jurisdiction by seizure and public citation to the world, of which the owner is expected to take notice and protect himself by appearance—but one of the class described by Justice Field in the case of *Freeman v. Alderson,* 119 U. S. 187, 7 Sup. Ct. 166, 30 L. Ed. 372:

"There is, however, a large class of cases which are not strictly actions in rem, but are frequently spoken of as actions quasi in rem, because, though brought against

persons, they only seek to subject certain property of those persons to the discharge of the claims asserted. Such are actions in which property of non-residents is attached and held for the discharge of debts due by them to citizens of the State, and actions for the enforcement of mortgages, and other liens: Indeed, all proceedings having for their sole object the sale or other disposition of the property of the defendant to satisfy the demands of the plaintiff, are in a general way thus designated. But they differ, among other things, from actions which are strictly in rem, in that the interest of the defendant is alone sought to be affected, that citation to him is required, and that judgment therein is only conclusive between the parties."

In no aspect of the plaintiff's complaint can it be regarded either as a proceeding strictly in rem or as one quasi in rem. In the first place, it is an action at law, and not in equity, as it should be; no citation to the world has been made; it does not seek to impose, perfect, and enforce a lien against the property of the owner for the delict of a third person, which the Act permits, but it alleges a direct tort by the defendant, of which the proof utterly and admittedly fails.

A plaintiff cannot come into Court alleging one cause of action and recover, without proper amendment, upon an entirely different one. The judgment in this case allows him to recover, not even upon the establishment of his equitable cause of action which he might have brought, but did not, but upon an action at law which he did not sustain, treated as a proceeding in rem which he did not allege, and which the Act makes no provision for.

In view of the fact that the record does not show that any judgment has been entered upon, if indeed it could have been upon the anomalous verdict, and strictly the appeal might have been dismissed upon that ground, the proceedings below should be set aside, with leave to the plaintiff, if he be so advised, within 20 days from the filing of

the remittitur to amend his complaint comformably to the views herein announced, the attachment to remain in force; should he fail to so amend the complaint, it be dismissed, and the attachment dissolved.