WHITWORTH *v.* WING *ET AL.*

(118 S. E., 177)

ATTACHMENT—SHERIFF CANNOT ATTACH PROPERTY OUTSIDE COUNTY.— In an action for injuries from an automobile collision under Code Civ. Proc. 1912, § 283, providing that the warrant shall be directed to a sheriff or constable of any county in which defendant's property may be, the sheriff to whom the writ was issued could not attach in a county other than his own the automobile of defendant.

Before DEVORE, J., Lexington, June, 1922.    Affirmed.

Action by Mary E. Whitworth by guardian *ad litem,* against Charles E. Wing and another. From an order dissolving an attachment levied on the automobile of the named defendant, he appeals.

*Messrs. John F. Williams* and *Martin & Sturkie,* for appellant, cite: *Law applicable to attachment of automobile*

*for personal injuries:* Code Proc. 1912, Secs. 175, 177, 189; Acts 1912, 737; 106 S. C., 362; 110 S. C., 385. *Process may be served out of county on non-residents where one of defendants is served in county:* 27 R. C. L., 804; 221 U. S., 1; 110 A. L. R., 194; 30 S. C., 302; 13 S. C., 441. *Cause should be moved, but attachment not dissolved:* 87 S. C., 101.

*Messrs. Timmerman & Graham* for respondents.

June 29, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from an order dissolving an attachment levied upon an automobile belonging to the defendant, Charles E. Wing, on April 8, 1922. The main action was for damages on account of personal injuries alleged to have been sustained by the plaintiff in a collision between an automobile driven by the defendant, Wing, and one driven by the defendant, Mrs. Whitworth, mother of the plaintiff, with whom she was riding, on July 30, 1921. The defendant, Wing, is a resident of Aiken County, and the defendant, Mrs. Whitworth, of Lexington County. The evident, in fact the admitted, purpose of plaintiff's counsel in joining the mother of the plaintiff as a party defendant was to acquire jurisdiction in Lexington County.

The summons is dated February 14, 1914. On the same day the plaintiff applied to the Clerk of the Court of Lexington County for an attachment, basing the application upon an affidavit of W. C. Whitworth, father of the plaintiff, and her guardian *ad litem.* Thereupon the Clerk issued an attachment directing the Sheriff of Lexington County to levy upon the described automobile of the defendant, Wing, Apprehending that, as the defendant, Wing, resided in Aiken County, the automobile could not be located in Lexington County, the Sheriff of Lexington County, on the day

the attachment was issued, February 14, 1922, signed a paper of the following import:

"I hereby deputize T. M. Butler to serve on the defendant Charles E. Wing, copies of the within pleadings and to carry out the directions therein."

Apparently assuming that this deputization authorized him so to do, T. M. Butler, on April 8, 1922, served copies of the summons and complaint upon Wing at his home in Aiken County, and attached the automobile, then and there in possession of Wing. Thereafter, on May 22, 1922, the defendant, Wing, gave notice of a motion before Hon. J. W. DeVore, Circuit Judge, at his Chambers in Edgefield, to dissolve the attachment upon the grounds: (1) That the action was pending in Aiken County, and the Clerk of the Court of Lexington County had no authority to issue the attachment; (2) that the action was pending in Aiken County, and the Sheriff of Lexington County had no authority to attach the property of the defendant, Wing, in Aiken County under an attachment issued by the Clerk of Court of Lexington County. It will be observed that the motion was not made upon the ground that the action was pending in Lexington County, and that the Sheriff of that County had no authority to execute the warrant of attachment either personally or by Deputy in Aiken County.

The Circuit Judge heard the motion on June 2, 1922, and signed an order dissolving the attachment, holding that—

"The Sheriff of Lexington County was without authority to attach the property of the defendant, Wing, in Aiken County."

It will be observed that the Circuit Judge made no ruling as to the venue of the action, and did not specifically or otherwise sustain the defendant's contention that the venue was in Aiken County. He apparently based his decision upon the ground that the venue was in Lexington County,

and that the Sheriff of that County had no authority to levy the attachment in Aiken County.

From Judge DeVore's order dissolving the attachment, the plaintiff has appealed.

As a matter of strict interpretation the defendant, Wing, had no right to insist that the action was pending in Lexington County, and that the Sheriff of that County had no authority to levy the attachment in Aiken County, for both of his grounds are based upon the contention that the action was pending in Aiken County. The appellant, however, has interposed no such objection to the order, and we have no right to interpose it. The contention of her counsel is that, assuming the venue to be in Lexington County, the Sheriff of the County had the right to disregard county lines and attach the automobile wherever he could find it, a position which clearly cannot be sustained. Section 283 of Code Civ. Proc. provides:

"The warrant shall be directed to any Sheriff or Constable of any County in which property of such defendant may be, and shall require him to attach and safely keep all the property of such defendant within his county."

The section further provides:

"Several warrants may be issued at the same time to the Sheriffs or Constables of different Counties."

The plain interpretation of which is that the activities of the Sheriff of any County are confined to the limits of his own County, and that if the defendant has property in another County, a separate warrant should be issued to the Sheriff of that County. The Clerk of Lexington County should, therefore, have issued an attachment directed to the Sheriff of Aiken County if property in Aiken County was to be levied upon.

"At common law a Sheriff has no jurisdiction beyond the borders of his own County, the rule being that the acts of an officer outside of his County or bailiwick are unofficial

and necessarily void unless expressly or impliedly author-ied by some statute."   24 R. C. L., 918.

"A Sheriff has no authority to levy on and sell land lying out of this district."   *Finley v. R. Co., 2* Rich., 267.

There is great confusion in the several papers connected with the case as to the venue.   The summons lays it in Lex-ington County; the complaint, in Aiken County; the affi-davit for attachment, in Lexington County; the petition for guardian *ad litem* in Lexington County; the order of ap-pointment in Lexington County; the answer of Mrs. Whitworth, in Lexington County; the answer of Wing, in Aiken County; the notice of motion to dissolve the attach-ment, in Aiken County; the affidavit upon that motion, in Aiken County; the order dissolving the attachment, in Aiken County.

For the purposes of this appeal, to which the appellant certainly cannot object, we have assumed that the venue was laid in Lexington County, as the summons, the process which determines jurisdiction ordinarily, so fixes it.

The judgment of this Court is that the order appealed from be affirmed.

MESSRS. JUSTICES FRASER and MARION concur.

MR. CHIEF JUSTICE GARY: I dissent. It does not seem to me that the provisions of the Code, and the authorities upon which Mr. Justice Cothran relies are applicable to the questions raised by the exceptions for two reasons: First place, the proceedings against the automobile as shown by the case of *Hall v. Locke,* 118 S. C., 267; 110 S. E., 385, were *in rem;* and, in the second place, the automobile, being subject to a proceeding *in rem,* could be seized wherever it could be.   Any other view would destroy the force and effect of the principles announced in *Hall v. Locke,* 118 S. C., 267; 110 S. E., 385.

MR. JUSTICE WATTS:   I concur in the dissenting opin-ion of the Chief Justice.