14909

ACKERMAN v. ONE MACK TRUCK AND TRAILER *ET AL.*

(3 S. E. (2d), 684)

April, 1938; May, 1938, November, 1938,

*Messrs. Lide & Felder* and *St. Clair Muckenfuss,* for appellants-respondents,

*Messrs. J. D. Parler* and *Robinson & Robinson,* for respondent-appellant,

July 5, 1939.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The case is here on appeal from a verdict and judgment for the plaintiff for actual damages done to his person and to his automobile.

On December 12, 1937, between 5 and 6 o'clock in the afternoon, the plaintiff, while driving his automobile in Dorchester County on U. S. Highway No. 78, collided with one Mack Truck and Trailer, the property of the defendant C. G. Fuller, as the result of which he received serious bodily injuries. He suffered three fractured ribs, his nose was broken, requiring ten or twelve stitches, and he sustained an injury to his right knee cap which disabled him from work for one or two months. His automobile, on which he owed a balance on the purchase price, was completely wrecked.

The defendant Fuller is a resident of Barnwell County, and the defendant Taylor is a resident of Jasper County.

Before the time for answering had expired, a motion was made by Fuller for an order transferring the entire case from Dorchester County, where the action was brought, to Barnwell County. The motion was granted only in part. The Court retained jurisdiction of the action *in rem* against the damage-feasant truck and trailer for trial in Dorchester County, and transferred the action *in personam* to Barnwell County. A trial was thereafter had in Dorchester County in the action *in rem* against the truck and trailer, resulting in a verdict in favor of the plaintiff for $2,750.00. Upon motion, the Court granted a new trial, unless the plaintiff should remit upon the record the sum of $1,250.00.

The first question to be considered is: Did the trial Court err in holding that the case as to the personal defendants be

tried in Barnwell County, and the action *in rem* against the defendant truck be tried in Dorchester County?

In the case at bar, the accident occurred in Dorchester County, and the damage-feasant truck and trailer were attached in that county, and in our opinion the Court committed no error in retaining jurisdiction in Dorchester County of the action *in rem* against the truck and trailer, and in transferring to Barnwell County the action against the personal defendants.

The following cases fully support the ruling of the lower Court: *Hall v. Locke,* 118 S. C., 267, 110 S. E., 385; *Williams v. Garlington,* 131 S. C., 289, 127 S. E., 20; *Mahon v. Burkett,* 160 S. C., 48, 158 S. E., 141.

Nor do we think that error was committed in refusing to direct a verdict for the defendant truck.

It is contended that the only reasonable inference which can be drawn from all of the evidence in the case is that the injuries and damages sufferel by the plaintiff were proximately caused by his own negligence or gross negligence in the operation of his automobile.

The plaintiff, Ackerman, collided with the truck and trailer near the end of a curve on the highway, at which point there was a large machine used in road construction work, called a latereau, which was parked on the left-hand side of the road. About 20 feet beyond this machine was the offending truck and trailer, stationary, from which was being unloaded a steam shovel. The latereau was 5½ feet high, and 8 or 10 feet wide, and the plaintiff testified that it hid the truck and trailer from his view, and he said that the truck and trailer completely obstructed the highway. He was driving at a rate of speed of about 40 miles per hour, but reduced his speed to 20 miles per hour upon sighting the latereau. When he cleared the latereau he collided headlong with the truck and trailer, wrecking his automobile and sustaining the personal injuries referred to.

The testimony is conflicting, but there is ample evidence tending to show that the roadway was completely obstructed by the truck and trailer; that the plaintiff had no notice that the road was not open to traffic; that the latereau which he saw when he first rounded the curve and which he slowed down to pass, obscured his view of the truck and trailer which blocked the road; that the plaintiff was not flagged down or otherwise warned when he reached the spot where the road was blocked; and that after perceiving the danger he did all that was reasonably possible to do to avoid the collision. The testimony also made an issue for the jury as to whether the plantiff was intoxicated.

The defendant assigns error because the trial Judge charged the jury as follows: "There is only one issue to be submitted to you under the complaint in this case, and that is, whether or not proper warning was given the plaintiff of the danger of traveling on that road at that time."

It is contended that this instruction overlooked the defenses of contributory negligence and willfulness on the part of the plaintiff.

The instruction which we have quoted was given at the commencement of the charge to the jury, and it was followed by a full and comprehensive statement of the law applicable to all of the issues made by the pleadings and the evidence, including the alleged contributory negligence of the plaintiff. A consideration of the entire charge bars the conclusion that the jury could have been misled or that the appellant truck was prejudiced.

The plaintiff appeals upon the ground that the Court erred in granting a new trial *nisi,* the error assigned being that the record shows the verdict rendered by the jury not to be excessive, unconscionable or capricious, and that in granting a new trial *nisi* there was an abuse of discretion.

The defendant moved for a new trial upon the ground that the verdict was unconscionable and capricious, and it is

clearly inferable from the language of the order that the Court regarded the verdict as excessive, and exercised its discretion upon that ground. The proper exercise of this discretion by the Court is upheld in many cases, among them being *Hanks v. Ivester,* 175 S. C., 401, 179 S. E., 618; *Anderson v. Ætna Casualty & Surety Co.,* 175 S. C., 254, 178 S. E., 819, and *Mishoe v. Atlantic Coast Line R. Co.,* 186 S. C., 402, 197 S. E., 97.

From a review of the entire record, we are unable to say that the Court abused its discretion.

Therefore, the exception raising this point is overruled.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL concur.

MR. JUSTICE CARTER did not participate on account of illness.