**WEATHERFORD v. RADCLIFFE et al.**

Civ. No. 1321.

District Court, E. D. South Carolina, Florence Division.

Nov. 6, 1945.

McEachin & Townsend, of Florence, S. C., for plaintiff.

Willcox, Hardee, Houck & Wallace, of Florence, S. C., for defendants.

WARING, District Judge.

The plaintiff, Wade S. Weatherford, appointed by the Probate Court of Florence County as administrator of the estate of C. R. Rawlinson, has brought this action against Robert S. Radcliffe (a nonresident) and a Ford Automobile, alleging $25,000 damages for the wrongful death of the intestate by reason of negligence. The Ford automobile is joined as a party defendant and has been attached under authority of Section 8792 of the Code of Laws of South Carolina 1942, the pertinent portions of which are as follows: "Lien on motor vehicle for damage done by it.—When a motor vehicle is operated in violation of the provisions of law, or negligently and carelessly, and when any person receives personal injury thereby, * * * the damages done to such person * * * shall be and constitute a lien next in priority to the lien for state and county taxes upon such motor vehicle, recoverable in any court of competent jurisdiction, and the person sustaining such damages shall have a right to attach said motor vehicle in the manner provided by law for attachments in this State."

Under the authority of the Federal Removal Statutes, Title 28 U.S.C.A. § 71 and § 72, the defendant, Radcliffe, filed a petition and bond and caused the case to be removed to this court, alleging that there is a separable controversy; the claim against the petitioner being for more than $3,000 and he a nonresident, whereas the claim against the automobile is limited to the value of the automobile which is only $500. The automobile is not joined as a petitioner in the removal proceedings although after the case reached this court the same attorneys who filed the petition filed a joint answer on behalf of the personal defendant and the automobile defendant, denying liability.

The plaintiff has now moved to remand the case to the Court of Common Pleas for Florence County from which it was removed.

We are here met with several issues to be determined. It must first be noted that the defendant, Radcliffe, is a resident of Pennsylvania and a nonresident of South Carolina. The automobile is owned by him and was licensed under the laws of the State of Pennsylvania, and in the petition it is alleged that the automobile is of a value of not more than $500. There is no traverse of any of these facts so they must be considered as determined. The petitioner, Radcliffe, contends that there are separable controversies, one between the plaintiff and himself wherein damages in the sum of $25,000 are claimed, and which is an action in personam, and which could and should be tried apart from the action in rem against the automobile attached under the South Carolina Code Section above referred to. His position is that this action being one in personam against a nonresident for more than $3,000, it is removable and should be tried in the federal court, whereas the other being an action in rem against an inanimate object whose value is not more than $500, should remain and be tried in the state court. It should also be kept in mind that the petition is filed on behalf of the personal defendant only and not on behalf of the automobile, the petitioner clearly taking the position that the action against the automobile should remain in the state court.

The South Carolina Motor Vehicle Act above cited has been construed in a number of cases by the State Supreme Court. In the case of Hall v. Locke, 118 S.C. 267, 110 S.E. 385, it was held that the automobile was subject to the lien and might be held responsible for damages although the owner was not liable, the owner not being present at the time of the accident. The court in that case points out that while the remedy prescribed in the statute is one in rem, nevertheless, it was not the intention to supercede the right of a personal action and says (118 S.C. at page 272, 110 S.E. at page 386): "The injured person may proceed against the offending car alone, and it may be sold under order of the court to satisfy the damages ascertained by the jury to have been sustained by the plaintiff. But the injured person also has the right to make the owner of the car, or other person causing the damage, a party defendant, and recover a personal judgment against such person if he was operating the car illegally or negligently upon the public highway, whereby another was injured.

After sale of the car by order of the court, the proceeds, after payment of the costs, shall be credited on the personal judgment, and execution issued on the personal judgment to satisfy any balance that might remain. A personal judgment cannot be recovered against the wrongdoer, *unless he is made a party defendant to the action.*" (Emphasis added.)

From the foregoing it is clear that a joint action *may* be maintained, the one in personam and the other in rem, although it would not· be *necessary* to bring the action jointly.

In the case of Williams v. Garlington et al., 131 S.C. 289, 127 S.E. 20, it was held that in an action brought jointly against individual defendants and an automobile attached under the statute, where the plaintiff withdrew his demand for judgment and abandoned his claim against the individual, the case could proceed as an in rem action and the case tried in the county in which the car was attached.

In Tolbert v. Buick Car, 142 S.C. 362, 140 S.E. 693, following the decision in Williams v. Garlington, supra, it was decided that a case may be instituted in rem against the car without making the owner, operator or other person a party.

In Mahon v. Burkett, 160 S.C. 48, 158 S.E. 141, an action was instituted in Spartanburg County, South Carolina, against the defendant Burkett and a motor truck, and attachment was had under the statute. The owner being a resident of Sumter ·County moved to transfer the case from Spartanburg to Sumter. The court, speaking through Mr. Justice Carter, held that the personal defendant had a right to avail himself of the statute of South Carolina, Sec. 378, Code of Civil Procedure 1922, now Sec. 422 of the Code of Laws of S.C. 1942, which provides that a cause shall be tried in the county in which a defendant resides. Therefore, the defendant had a right to have the trial as to him removed from Spartanburg County to Sumter County, his residence, but the truck having been attached in Spartanburg County the trial as to it remained there.

The latest South Carolina case which has been called to my attention is Ackerman v. One Mack Truck and Trailer, 191 S.C. 74, 3 S.E.2d 684. In that case suit was brought against two personal defendants and a truck. The plaintiff's automobile collided with the truck in Dorchester County. One of the defendants was a resident of Barnwell County and the other a resident of Jasper County. On a petition by one of these defendants the case against the two persons was transferred to Barnwell County, but the court retained the action in rem against the truck in Dorchester County and the trial was had in the last-named county resulting in a verdict. Upon appeal the action of the trial judge was sustained under the authority of the cases hereinbefore cited, thus reaffirming the law of South Carolina that a personal defendant is entitled to have the case against him removed to the county of his residence, but that the plaintiff may proceed in rem against the seized car at the place where it was attached. It, therefore, seems that the law of South Carolina is settled that the actual trial of the in rem and the in personam actions may be had in different places. While the courts frequently speak of jurisdiction in the different counties, I think a better title would be *venue*. Undoubtedly in the Ackerman case the court in Dorchester County would have had *jurisdiction* to try the cause against all the parties if they had come in and answered and it would then have been too late to raise the question of *venue*. They did seasonably raise the question of venue and the court in accordance with prior decisions changed the place of trial as a matter of right. Venue of course may be waived. In considering the foregoing cases this distinction should always be kept in mind.

It appears to me that in the case at bar the allegations of the complaint distinctly allege a joint tort. A suit could have been brought against the automobile alone in an in rem action. A suit could also have been brought against the owner and operator without joining the automobile since personal service was obtained. Or the suit could have been brought jointly, as was done, alleging fault of the owner and operator and also of the automobile as allowed under the statute. While it may be said that both parties were not necessary both were certainly proper parties. A plaintiff is not required to join all suable parties, but has the option of selecting such one or more who may have joined in the tort. The complaint alleges that both defendants, the owner and the automobile, were at fault, and I can not find that this is a separable action. Of course it may be said that separate actions could have been

brought, but that is often true of cases where two or more defendants are joined. One of the most frequent instances of the joinder of defendants is where a railroad is sued and the locomotive engineer joined. It is not necessary that he be joined. And as a matter of fact, the railroad could be sued without him, or he could be sued without joining the railroad. But where the allegation is that they were negligent together it is proper that they be joined and they are not separable controversies; and if the individual be a resident of the state where the action is brought the case may not be removed to the federal court by reason of diversity of citizenship. On the other hand, if both the railroad and the engineer be nonresidents the case may be removed, provided always that both defendants join in the petition for removal.

Now to go back to the South Carolina cases hereinbefore discussed, it seems to me that a fair statement of what they mean is that a personal defendant may avail himself of his place of residence in the state and of the statute giving him the right to have an action against him tried in his home county. That is the exercise of his right as to the venue of the suit. If he fails to avail himself of it the suit is tried in the county where it is instituted. But the automobile being actually seized in the county where the accident occurred can not plead that it has a residence in any particular county and, therefore, the in rem proceeding will be tried there. It must be kept in mind always, however, that the court where the action was first instituted *has jurisdiction* of the entire matter, al-. though it is duty bound when a motion is made, to transfer the in personam action to the county where the defendant resides.

In the case at bar we are not discussing venue; we are not discussing in which division or place the trial of the case should be heard; but we are discussing the actual matter of jurisdiction. I am of the opinion that a joint action has been alleged and that being so no separability is created by the State of South Carolina decisions as to venue of trial. To hold otherwise would mean that a state statute may either effect or prevent the removal of a case from the state to the federal court. The state has no power to do this. The state statute has merely given to the plaintiff the right to institute an action in rem and I am not aware of any decision or authority questioning the right of a plaintiff to bring an action joining the in rem and the in personam claims, provided of course they arose out of the same transaction and relate to a joint tort.

Therefore I am constrained to hold that the state statute giving a lien and the right to proceed against the automobile does not prevent the removal of a cause from the state court to the United States court provided the necessary elements are present. In this case the defendant, Radcliffe, is a nonresident, being a citizen and resident of the State of Pennsylvania. His automobile belongs there and was licensed by the State of Pennsylvania. They were both temporarily in the State of South Carolina and the jurisdiction of the courts in this state attach only by reason of the fact that the accident having occurred in this state service was had upon both, the one by personal service and the other by attachment. They were both, therefore, within the jurisdiction of the courts of this state. The action was commenced in the state court in Florence County and that court had complete jurisdiction provided the defendants acquiesced in that venue and voluntarily appeared. If they had both petitioned for removal it seems to me they would have had a right to do so. The action is undoubtedly based upon allegations of a joint tort and the amount involved is over and above the jurisdictional amount. The mere fact that the automobile is not worth as much as is sued for, and in fact, is worth much less than the jurisdictional amount of $3,000, would not affect the amount involved or in controversy since in the joint action the plaintiff might recover more than $3,000 and according to his allegation is entitled to $25,000.

My attention has been called to a case decided in this court by the late Ernest F. Cochran, United States District Judge, by order dated July 18, 1931. See Vonetta Wheeler Anderson v. J. A. Floyd and One Chevrolet Truck, etc. L-2566 (unreported). In that case it appears that no service was had upon the individual, but there was an attachment of the truck, which was released upon the filing of a bond in the sum of $1,000. Judge Cochran naturally held that since the only defendant was the truck and that a bond for $1,000 was substituted, that in the then state of the record it was impossible to recover more than $1,000, and therefore, the case had been improvidently removed from the state to the federal court and he remanded it. In the opinion he

stated: "If the plaintiff had succeeded in *making personal service* upon the defendant Floyd, or if the defendant Floyd had appeared generally to defend the personal action against him, then undoubtedly the amount in dispute would have exceeded Three thousand dollars ($3,000.00) and the case would be removable." (Emphasis added.)

The opinion then goes on and states that the order to remand is " * * * without prejudice to the defendant to remove the case if it should hereafter become a removable case. If the defendant Floyd should appear generally to protect his personal claim the case would undoubtedly be removable."

In the case at bar both defendants have been served and the amount of damages alleged is over the sum of $3,000, and although one defendant can not respond in payment of a verdict that may be obtained of more than $3,000, that does not alter the fact that the amount sued for is the amount actually in controversy whatever may be the financial responsibility or the liability of the respective defendants.

The automobile must be recognized as a defendant. It is treated as an entity. If sued alone it may come in and defend. This court is no stranger to in rem proceedings, many of them being brought in admiralty (where in rem and in personam actions are frequently joined) and in numerous cases arising under various forfeiture statutes.

"In general, a libelant may *in one suit* proceed against the property in rem and against the owner or other party in personam, and process in rem against the property and a citation in personam to the owner or other party will issue simultaneously upon the filing of a libel." (Emphasis added.) Benedict on Admiralty, 6th Ed., Section 228.

In an in rem case the thing sued may be represented and appear in court and defend and exercise all rights it may have. I am, therefore, of the opinion that the defendant automobile would have had a right to file a petition or join in a petition of removal. But that was not done.

There is no doubt that the removal statute requires that all defendants in a suit where there is a joint cause of action, as has been here alleged, must join in the proceedings for removal. See the Removal Statutes, 28 U.S.C.A. §§ 71 and 72, and see Wright v. Missouri Pacific R. Co., 8 Cir., 98 F.2d 34; Highway Construction Co. v. McClelland, 8 Cir., 14 F.2d 406; Miller v. Clifford, 1 Cir., 133 F. 880, 5 L. R.A.,N.S., 49. The Removal Statutes must be strictly construed and due regard for the rightful independence of the state governments requires that federal courts scrupulously confine their own jurisdiction to the precise limits of their statutory authority. See Barwick v. Piatt, D.C., 52 F.Supp. 262, and authorities therein cited.

Although the case at bar is one sounding in tort, nevertheless, the reasoning of the Supreme Court in Louisville & Nashville Railroad Co. v. Ide, 114 U.S. 52, 5 S.Ct. 735, 737, 29 L.Ed. 63, in regard to removal of a suit based on contract is quite applicable. In that case the defendant set up separate defenses and there were various contracts. However, the plaintiff alleged a joint liability. The court referred to a statute of the State of New York, which provided that "judgment may be given for or against one or more plaintiffs, and for or against one or more defendants" and goes on to say (114 U.S. at page 56, 5 S. Ct. at page 737, 29 L.Ed. 63): " * * * and under this it has been held that when several are sued upon a joint contract, and it appears that only a portion are bound, the plaintiff may recover against those who are actually liable. The same rule undoubtedly prevails in many other states, but this does not make a joint contract several, nor divide a joint suit into separate parts. It may expedite judicial proceedings and save costs, but it does not change the form of the controversy; that is to say, the case. The plaintiff can still sue to recover from all, though he may be able to succeed only as to a part."

This opinion is strictly limited to the facts as disclosed in this case, namely: (1) The plaintiff is a resident of South Carolina. (2) The owner of the defendant automobile is a nonresident of South Carolina. (3) The automobile is registered and licensed in the state of the owner's residence and not in the State of South Carolina. (4) The allegations of the complaint show joint negligence. (5) Personal service was had upon the defendant owner and the automobile was served by attachment. (6) Both the automobile and owner appeared and answered in the United States District Court. (7) The petition for removal is by the owner alone and the automobile did not join in same.

Summarizing the foregoing views and applying them as delimited by the above-stated facts, I hold:

1. That there is a diversity of citizenship between the plaintiff and defendants; and the pleadings do not show separable controversies; and the jurisdictional amount alleged in the pleadings is sufficient for the purpose of removal.

2. However, as only one of the defendants has joined in the petition for removal the requirements of the Federal Removal Statutes have not been complied with and the case will, therefore, have to be remanded to the State Court. Accordingly, it is ordered that this cause be and the same is hereby remanded to the Court of Common Pleas for Florence County, South Carolina, for such action and proceedings as may be therein appropriate.