15836

RAINES v. POSTON
(38 S. E. (2d), 145)

*Mr. George W. Keels,* of Florence, for appellant,

*Messrs. Kenneth R. Kreps, Glenn O. Schultz* and *J. Laurens Mills,* all of Columbia, for respondent,

May 11, 1946.

MR. ASSOCIATE JUSTICE OXNER delivered the unanimous Opinion of the Court.

Respondent, L. W. Raines, brought this action in the County Court of Richland County to recover damages alleged to have resulted from the negligent and reckless ope-

ration of a Ford automobile by appellant, M. M. Poston, in the City of Columbia, County of Richland, on September 9, 1945. On the following day, September 10th, this action was commenced and the Ford automobile, a 1941 model bearing 1945 South Carolina license No. D-60316, was attached by the Sheriff of Richland County. The warrant of attachment was issued under the authority of Section 8792 of the Code of 1942, which creates a lien on any motor vehicle for any damages to person or property caused by its negligent operation and gives to the person sustaining such damages a right to attach such motor vehicle. In the captions of both the bond and affidavit executed by respondent for the purpose of procuring the warrant of attachment, as well as in the caption of the complaint, both appellant and the Ford automobile above referred to are named as parties defendant. However, only appellant is named in the summons. Appellant was served with process and the car was attached in the City of Columbia. His attorney made a special appearance and moved to change the venue to Florence County on the ground that appellant was a resident of that County. The Court below held that the action was *in rem* against the damage feasant automobile and *in personam* against appellant and granted the motion to transfer the action *in personam* to Florence County, but held that the action *in rem* against the car could be prosecuted in Richland County. Appellant contends that as the damage feasant automobile was not named as a defendant in the summons, the action was solely one *in personam* and that the Court erred in not transferring the entire case to Florence County.

Under the foregoing circumstances, respondent could have brought any one of three actions: (1) He could have brought an action *in rem* against the damage feasant car alone. The car having been found in Richland County, such an action could have been maintained in that County, but respondent could not have recovered any personal judgment and the payment of any judgment obtained could have only been enforced by a sale of the car. (2) Respondent

could have brought an action solely *in personam* against appellant who could have required such an action to be tried in Florence County where he resided. (3) He could have in one suit, as respondent says was done, proceeded against the car *in rem* and against appellant *in personam*. In such an action appellant would have been entitled to a trial in his own County of the action *in personam,* but the Courts of Richland County could have retained jurisdiction for the trial of the action *in rem*. That any one of the foregoing actions could have been maintained is now well established by the following decisions of this Court: *Hall v. Locke,* 118 S. C., 267, 110 S. E., 385; *Williams v. Garlington, et al.,* 131 S. C., 289, 127 S. E., 20; *Tolbert v. Buick Car,* 142 S. C., 362, 140 S. E., 693; *Mahon v. Burkett,* 160 S. C., 48, 158 S. E., 141; *Ackerman v. One Mack Truck and Trailer, et al.,* 191 S. C., 74, 3 S. E. (2d), 684.

Appellant apparently concedes that respondent could have joined a proceeding *in rem* with a suit *in personam,* but contends that the action as brought was only *in personam* and predicates this contention solely upon the fact that the damage feasant car was not named in the summons. Respondent contends that the inadvertent failure to designate the car as a defendant in the summons does not have the effect of making the action solely one *in personam.* Hence, the sole question for determination is this: Under the proceedings had in this case, was it essential to the maintenance of an action *in rem* against the damage feasant car that it be named as a defendant in the summons?

Section 427, Code of 1942, requires that a civil action "shall be commenced by service of a summons". The function of the summons is to bring the defendant within the jurisdiction of the Court and to give him notice of the action and an opportunity to appear and defend. It is the usual means of acquiring jurisdiction of the person of the defendant. *State ex rel Wolfe v. Sanders,* 118 S. C., 498, 110 S. E., 808. In the instant case the personal defendant, appellant, was properly named as a defendant in the summons

and was duly served. No question arises as to jurisdiction of him. As to the damage feasant car, we think jurisdiction was obtained by the seizure under the warrant of attachment.

In *Hall v. Locke, supra,* the damage feasant car was attached, but the opinion states that Locke "was the only party sued". The trial Judge in that case held that the plaintiff had failed to prove a case against Locke and dismissed the action as to him. The action was then converted into a proceeding solely *in rem* and the plaintiff allowed to recover a verdict against the attached car. On appeal to this Court, the procedure followed in the Court below was sustained.

In *Williams v. Garlington, et al., supra,* this Court quoted with approval the following from the case of *Dulin v. Mc-Caw,* 39 W. Va., 721, 20 S. E., 681: *"It is a distinguishing peculiarity of a proceeding in rem that the jurisdiction of the Court, in the particular case, rests merely upon the seizure or attachment of the property. No personal notice to any individual is required.* The *res,* being brought within the jurisdiction of the Court, becomes subject to its adjudication, and all parties interested are supposed to be duly apprised of the proceedings by the mere taking of the property, or by the usual proclamation or published notice". (Italic ours.)

In *Tolbert v. Buick Car, supra,* this Court said: "The action at bar is an action *in rem* and does not require the making of any person a party defendant, the operator of the machine, or any one else, nor is it incumbent upon the plaintiff to find and notify the owner of his intentions. On the other hand it is to be assumed that the owner of a car will keep track of his car, and there is nothing to prevent the owner from intervening, and setting up his rights to the attached car."

Mr. Justice Field, speaking for the Court in *Pennoyer v. Neff,* 95 U. S., 714, said: "The law assumes that property is always in the possession of its owner, in person or by agent; and it proceeds upon the theory that its seizure

will inform him, not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale."

Where, as in this case, an action is brought against the driver of an automobile to recover damages alleged to have been sustained on account of its negligent operation and the personal defendant is duly served with the summons and complaint and the damage feasant automobile is seized under a warrant of attachment regularly issued under the authority of Section 8792 of the 1942 Code, we have no hesitancy in concluding that such a suit includes an action *in rem* against such vehicle, although it is not named as a party defendant in the summons, particularly where, as here, such vehicle is named in the captions of the complaint and of the affidavits and bond upon which the warrant of attachment is issued. Under these circumstances, we think the authorities are clear that the jurisdiction of the damage feasant motor vehicle is acquired by its seizure under the attachment proceedings.

The order appealed from is affirmed.

It appears that the same question involved on this appeal also arose in an action brought at the same time against appellant by one J. F. Davis. Counsel agreed that the decision on this appeal would control the determination of both appeals.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and TAYLOR concur.

MR. CHIEF JUSTICE BAKER (concurring):

While I am in full accord with the dissenting opinion of the late Mr. Justice Cothran in the case of *Hall v. Locke*, cited in the opinion herein authorized by Mr. Justice Oxner, yet under the binding authority of that case and other cases cited, I am concurring.