**J. E. LEWIS, Plaintiff,**

v.

**CONTINENTAL INSURANCE COMPANY, Defendant.**

**Civ. A. No. 1475.**

United States District Court
E. D. South Carolina,
Columbia Division.

March 2, 1965.

E. Pickens Rish, Lexington, S. C., for plaintiff.

Fulmer, Barnes & Berry, Columbia, S. C., for defendant.

SIMONS, District Judge.

This matter was, by agreement of counsel, submitted to the court without testimony to be decided on the record.

Defendant, Continental Insurance Company, did, on or about July 16, 1962, issue to one Hollie Roberson an automobile liability insurance policy, and thereafter, on August 2, 1962, while the liability coverage afforded thereby was in full force and effect, one of the insured's vehicles, a 1961 Ford truck, being driven by an agent of the insured, was involved in an accident with a vehicle driven by the within plaintiff, J. E. Lewis, resulting in physical injuries to said plaintiff.

The insured's 1961 Ford truck was thereafter attached in Lexington County, but the insured, Hollie Roberson, and his driver, Roosevelt Simpkins, both of whom were residents of Edgefield County [1] were never served.[2]

On December 14, 1962, the attachment of the defendant truck was, by agreement of parties, released due to the depreciation of the vehicle because of nonuse. It was also agreed by respective counsel at that time that the value of the truck was $1,000.00.

The action against the truck was tried before The Honorable Louis Rosen, Circuit Judge, and a jury in the South Carolina Court of Common Pleas for Lexington County during the April, 1963 term of court, resulting in a verdict in behalf of the plaintiff against the defendant truck in the sum of $15,000.00.

The insurer having declined payment of the judgment, the within suit was, on or about June 17, 1964, instituted in the Court of Common Pleas for Lexington County for recovery of $11,000.00 of the heretofore referred to judgment. The action was removed from State Court to the United States District Court by the defendant, who filed its answer in due course.

The plaintiff thereafter filed certain written Interrogatories, which were answered by the defendant, and the defendant filed its Request for Admissions, which were answered by plaintiff's counsel at a pretrial conference held before the undersigned.

It has been well settled in South Carolina, since Hall v. Locke, 118 S.C. 267, 110 S.E. 385 [1921], that an individual injured as a result of the negligent operation of a motor vehicle may sue the vehicle in an *in rem* proceeding, by attaching the same in accordance with Section 45–551 of the 1962 Code of Laws for the State of South Carolina, but that the injured party is not, however, limited to suit against the vehicle. "[Plaintiff] also has the right to make the owner of the car, or other person causing the damage, a party defendant, and recover a personal judgment against such person if he was operating the car illegally or negligently upon the public highway * * *." Hall v. Locke, supra. It is, likewise, clear under the laws of the State of South Carolina that had the plaintiff served the owner and/or driver of the truck, that the action against said driver and/or owner, being an action *in personam*, could have been transferred to the County of the defendant's residence, Ackerman v. One Mack Truck and Trailer, et al., 191 S.C. 74, 3 S.E.2d 684. However, the owner and driver of the

---

1. See admission to Request for Admissions No. 6.

2. See admission to Request for Admissions No. 4.

defendant vehicle, who were residents of Edgefield County, were never personally served by the plaintiff.

██ As the action against the truck was an *in rem* action, the judgment recovered was against the truck, and did not constitute a personal liability against either the driver or the owner for "[a] personal judgment cannot be recovered against the wrongdoer, unless he is made a party defendant to the action." Hall v. Locke, supra.

In Sexton v. Harleysville Mutual Casualty Company, 242 S.C. 182, 130 S.E.2d 475, the Court said:

"A judgment *in rem* does not operate *in personam* or create any personal liability. It operates only on the property which is the subject of the litigation and is within the jurisdiction of the Court rendering the judgment. * * * The *in rem* judgment against the automobile of the respondent constituted a lien thereon but such constituted no judgment against the insured."

The provisions of paragraph 7 of the policy issued by defendant to Hollie Roberson provided:

"To pay on behalf of the insured all sums which the insured shall become *legally obligated to pay* as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile." Insuring Agreement, 1 Coverage, A & B. [Emphasis added].

"No action shall lie against the Company * * * until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Company." Conditions —Paragraph 7.

In Sexton v. Harleysville Mutual Casualty Company, supra, in construing an identical policy provision the court held that:

"A policy of automobile liability insurance which provides that no action shall lie against the Company on any claim or for any loss until the amount of such claim or loss shall have been fixed and rendered certain either by judgment against the insured after trial of the issue or by agreement between the parties with the written consent of the Company, makes it a condition precedent to the commencement of an action against the Company that the amount of any claim or loss shall first be fixed and rendered certain either by judgment against the insured or by agreement between the parties with the written consent of the Company. * * * The only obligation assumed by the appellant was to satisfy claims made against the insured when such claims are matured by judgment or by written agreement of the parties interested. The insured has no right of action against the appellant in the absence of a judgment against him or an agreement fixing the amount of damages. The existence of such right of action is contingent upon the rendition of a judgment against the insured. Since there is an absence of a judgment against the insured he cannot maintain this action and is barred by the provision of the policy which forbids an action against the Company until the insured's obligation is fixed by a judgment."

As neither the owner, as the named insured, nor the driver, who was by definition of the policy an insured, was "legally obligated to pay" any portion of the plaintiff's judgment against the truck, there was no liability upon the within defendant as insurer to pay any portion of said judgment, Sexton v. Harleysville Mutual Casualty Company, supra.

██ The plaintiff, in paragraph 6 of the complaint, states that "defendant, by its action in procuring a release of

the attachment and participating in the trial, is estopped to deny coverage".

In Adams v. Adams, 220 S.C. 131, 66 S.E.2d 809, the court said:

"The essential elements of an equitable estoppel as related to the party claiming the estoppel are [1] lack of knowledge and the means of knowledge of the truth as to the facts in question, [2] reliance on the conduct of the party estopped, [3] action based thereon of such a character as to change his position prejudicially. * * * 'To successfully assert the doctrine of estoppel, a party litigant must show that he was without knowledge or any means of knowledge of the facts and circumstances upon which he predicates the claim of estoppel and that without this knowledge or means of knowledge he was influenced by the conduct or language or silence amounting to a representation of facts, or a concealment of material facts by the party sought to be estopped, and that in reliance thereon he changed his position to his injury and damage.'" [Citations omitted].

■ I am unable to find from the record before me, which consists of correspondence between counsel concerning the release of the vehicle, any evidence to substantiate the plaintiff's contention that the defendant is, by virtue of said correspondence and release of the vehicle, estopped to deny liability, nor does the fact that the defendant company through its counsel defended the truck in the action in the state court estop said defendant from denying liability on the judgment therein obtained. However, as counsel for the defendant did agree, in connection with the release of the vehicle, that " * * * should your client secure a judgment in the trial of the above named action, which is an *in rem* action, against the defendant truck, then our client will be bound to pay $1,000.00 of the judgment, less storage charges in the sum of Thirty-one [$31.00] Dollars * * *", it would appear that the plaintiff, in accordance with said agreement, is entitled to recover from the defendant the value of the truck, less $31.00 storage, and it is, therefore

Ordered that the plaintiff have judgment against the defendant, Continental Insurance Company, in the sum of Nine Hundred Sixty-nine [$969.00] Dollars, together with the costs of this action, and it is

So ordered